464 So.2d 220 (1985)
Pamela TESTA and Leonard Testa, Appellants,
v.
Dr. William M. PFAFF, Dr. Stephen L. Hill, Dr. Harry Berger, Dr. Nikolaus Gravenstein, and Shands Teaching Hospital and Clinics, Inc., Appellees.
No. AZ-8.
District Court of Appeal of Florida, First District.
February 20, 1985.
Greg W. Sahlsten of T.G. LaGrone & Associates, Orlando, for appellants.
John D. Jopling of Dell, Graham, Willcox, Barber, Henderson, Monaco & Cates, Gainesville, for appellees.
PER CURIAM.
This cause is before us on appeal from a summary judgment entered in favor of defendants Gravenstein and Hill, appellees herein, in a suit for medical malpractice filed by appellants Testa against various doctors and Shands Teaching Hospital and Clinics, Inc. The complaint alleges, in part, that defendant Doctors Gravenstein and Hill were agents, servants, and/or employees of Shands, and at all times material, were acting within the scope and course of such agency.
Prior to answer, defendants Gravenstein and Hill filed motions for summary judgment based on the sovereign immunity provisions of Section 768.28(9), Florida Statutes (1981). Affidavits filed in support of the motions stated, simply, that at all material times, defendants were acting as agents or employees of the Board of Regents of the State of Florida as resident physicians[1] and that defendants were *221 therefore entitled to personal immunity from suit.
The trial court entered summary judgment in favor of defendants Hill and Gravenstein based on Section 768.28(9), Florida Statutes.
After argument and upon consideration of the record and briefs, we must reverse summary judgment entered in favor of defendants Hill and Gravenstein. The affirmative defense of sovereign immunity in this case requires determination of the relationship(s) of the defendants to the Board of Regents of Florida. The affidavits filed are insufficient since they are based on ultimate facts[2] or factual conclusions and are without statement of the underlying facts which give rise to such conclusions. Lake v. Konstantinu, 189 So.2d 171 (Fla. 2d DCA 1966); Dean v. Gold Coast Theatres, Inc., 156 So.2d 546 (Fla. 2d DCA 1963).
Accordingly, the judgment must be reversed and the cause remanded for further proceedings consistent herewith.
BOOTH, SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] Affidavit of Stephen L. Hill, M.D.:

BEFORE ME, the undersigned authority, personally appeared Stephen L. Hill, M.D., who, being first duly sworn, deposes and says the following:
1. That he is a defendant in the above-entitled cause.
2. That at all times material to this cause of action he was employed as a resident physician by the Board of Regents of the State of Florida.
3. That his participation in the care and treatment of the plaintiff Pamela Testa is contained in his sworn deposition given in this cause on 2 February 1983, the original of which is either in the possession or under the control of plaintiffs' counsel.
4. That his participation in the care and treatment of the plaintiff Pamela Testa was entirely within the scope of his employment with the Board of Regents of the State of Florida.
5. That at no time during the course of his participation in the care and treatment of Mrs. Testa did he act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of the rights, safety, or property of the plaintiffs.
Further affiant sayeth not.
Affidavit of Nikolaus Gravenstein, M.D.:
NIKOLAUS GRAVENSTEIN, M.D., being duly sworn by me, the undersigned official, deposes and says upon oath:
1. That he is a Defendant in the above entitled cause.
2. That this affidavit is made and given in support of his Motion for Summary Judgment, filed herein, and is based upon his direct and personal knowledge of the matters contained herein.
3. That in every contact which he had with Plaintiff Pamela Testa, as a patient at Shands Teaching Hospital & Clinics, and with questions concerning her diagnosis, physical condition, and treatment, he was, and was acting solely as, a resident in anesthesiology and, as such, was an agent or employee of the Board of Regents of Florida, a State agency, and in all of the same did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and wilful disregard of the rights, safety or property of Plaintiffs.
[2] As defined in Black's Law Dictionary, "ultimate facts" are:

Facts necessary and essential for a decision by a court. Those facts which it is expected evidence will support. Those facts found in that vaguely defined field lying between evidential facts on the one side and the primary issue or conclusion of law on the other, being but the logical results of the proofs or in other words mere conclusions of fact. The final or resulting fact reached by processes of logical reasoning from the detached or successive facts in evidence, and which is fundamental and determinative of the whole case.