468 So.2d 415 (1985)
Richard E. DEROSA & Kerry C. Derosa, His Wife, Appellants,
v.
SHANDS TEACHING HOSPITAL AND CLINIC, INC., James A. Hill, M.D., Gary Lane, M.D., and Florida Board of Regents, Appellees.
No. BC-165.
District Court of Appeal of Florida, First District.
April 25, 1985.
*416 Sheldon J. Schlesinger, Fort Lauderdale, for appellants.
John D. Jopling, of Dell, Graham, Willcox, Barber, Henderson, Monaco & Cates, Gainesville, for appellees Hill and Lane.
WENTWORTH, Judge.
Appellants seek review of orders granting summary judgment for appellees Hill and Lane before appellants could depose Dr. Lane in an action raising the question of sovereign immunity in the context of medical malpractice. Appellants seek to have the orders declared premature so that they may be afforded the opportunity to continue discovery. We find that the trial court abused its discretion in granting summary judgment and we therefore reverse the orders appealed.
Appellant Richard Derosa was a patient at Shands Hospital, Inc., an independent non-profit corporation. During a cardiac catheterization procedure the patient suffered serious permanent injury. Dr. Hill assisted during the operation as a physician in training. Dr. Lane served as a resident, had been assigned to the patient's case, and was also present during the surgery. The doctors were fellows in the College of Medicine of the University of Florida. Shands Hospital and the College of Medicine have a statutorily-authorized contractual agreement by which the college provides Shands with doctors and residents to perform patient services.
Appellants deposed Dr. Feldman (the supervising physician, who was also a member of the hospital staff at Shands) in January 1984 on the same day appellees filed motions for summary judgment. In July appellants deposed Dr. Hill and administrators of both the college and Shands. The contract between the two entities was presented to appellants at this time. In August 1984, despite appellants' request for a continuance to depose Dr. Lane, the court granted appellees' motions for summary judgment based on sovereign immunity.
Summary judgment is proper when the evidence presents no genuine issue of material fact. Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975). A trial court's decision to grant summary judgment will be disturbed only upon an abuse of discretion. Southern California Funding, Inc. v. Hutto, 438 So.2d 426 (Fla. 1st DCA 1983). However, a summary judgment should not effect a premature termination of discovery. See Suntogs of Miami, Inc. v. Burroughs Corp., 433 So.2d 581 (Fla. 3d DCA 1983).
*417 In the controversy before us the record does not negate the possibility that the deposition of Dr. Lane may reveal additional information indicating a genuine issue of material fact. The prior affidavit of Dr. Lane, which was identical to the affidavit of Dr. Hill, did not conclusively establish all details of the relationship between the doctors and the various entities involved. Compare Testa v. Pfaff, 464 So.2d 220 (Fla. 1st DCA 1985). The individual responsibilities of the two doctors could also raise a question as to whether Dr. Lane is possessed of information not encompassed within the deposition of Dr. Hill. And appellants' counsel could arguably make more searching inquiries of Dr. Lane after having deposed the administrators and Dr. Hill, and having reviewed the contract between the college and Shands.
The record does not suggest that the time lapse which occurred between the filing of the motions for summary judgment in January, the taking of the depositions in July, and the subsequent request to further depose Dr. Lane, was a factor in the trial court's decision to end discovery and grant summary judgment. Rather, the court appeared to be most concerned with the expense of deposing Dr. Lane and the perceived unlikelihood that any further relevant information might be obtained. We conclude that the entry of summary judgment on this basis, prior to the deposition of Dr. Lane, was an abuse of discretion.
The orders appealed are reversed and the cause remanded.
THOMPSON and WIGGINTON, JJ., concur.