532 So.2d 1360 (1988)
George A. MORRIS, III, M.D., P.A., and George A. Morris, III, M.D., Appellants,
v.
Kathleen ERGOS and John Ergos, Her Husband, Appellees.
No. 88-1572.
District Court of Appeal of Florida, Second District.
November 4, 1988.
*1361 Jerry L. Newman of Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, for appellants.
Robert J. Carroll of Perenich, Carroll, Perenich & Avril, P.A., Clearwater, for appellees.
LEHAN, Judge.
In this medical malpractice case defendant physician appeals from an order striking his defenses for failure to respond timely to presuit discovery questions pursuant to section 768.57(6), Florida Statutes (1987). That section provides that failure to "make discoverable information available without formal discovery" is "grounds for dismissal of claims or defenses ultimately asserted." We reverse.
While the physician's failure to respond to the discovery questions until after suit was filed was clearly neglectful and it is questionable whether under the circumstances of this case the neglect was excusable, we conclude that the striking of his defenses was too harsh a remedy. Such a remedy was not mandatory. See Pinellas Emergency Mental Health Services, Inc. v. Richardson, 532 So.2d 60 (Fla. 2d DCA 1988). It does not appear that plaintiff was prejudiced by the delay. The only prejudice argued by plaintiff is that the delay prevented meaningful settlement negotiations. However, the purpose of presuit discovery in this kind of case appears to be to give the defendant's insurer the opportunity to pursue settlement. See section 768.57(3)(a); Castro v. Davis, 527 So.2d 250, 251 (Fla. 2d DCA 1988). Also, inasmuch as suit was filed almost five months after the expiration of the ninety day period for responding to plaintiff's notice of intent to sue, it does not appear that time was of the essence to plaintiffs. There is no question raised as to the adequacy of the answers when they were filed, which appears to have been shortly after the physician was served with the complaint.
As the Third District Court of Appeal pointed out in Summit Chase Condominium Ass'n, Inc. v. Protean Investors, Inc., 421 So.2d 562, 564 (Fla. 3d DCA 1982), even when a party's conduct in response to discovery requests is "laggard and slothful," dismissal of a suit is not necessarily warranted. Rather, dismissal is justified "only in extreme situations for flagrant or aggravated cases of disobedience." Id. See also Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986). The result should be no different in a case like this involving the striking of defenses.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and FRANK, J., concur.