## RAU v STALKER, et al.

### Case No. 89-37-CA

Nineteenth Judicial Circuit, Martin County

May 8, 1989

**APPEARANCES OF COUNSEL**

**Jill Van Derven,** for Kevin Carroll, RN.

**G. Bruce Hill,** for Martin Memorial Hospital.

**Everett J. Van Gaasbeck,** for Dr. Stalker, Dr. Stalker, P.A.

**Angelo Marino, Jr.,** Marino & Goodman, P.A., for plaintiff, Rau.

**OPINION OF THE COURT**

JOHN E. FENNELLY, Circuit Judge.

DEFENDANT, STALKER, pursuant to F.S. 768-57(6), moves to dismiss with prejudice Plaintiffs RAUS' Complaint for damages. This is a medical malpractice action arising out of orthopedic surgery performed by the Defendant on May 29, 1986 at Martin Memorial Hospital.

On April 20, 1987, Plaintiff in accordance with F.S. 768-57(2), filed a Notice of Intent upon Defendant STALKER. Plaintiff, at that time,

also filed a request for information from the Defendant and his insurer. That request also dealt with various aspects of the Defendant's diagnosis of Plaintiff, the course of treatment and other background information.

FLORIDA PHYSICIANS INSURANCE COMPANY, the insurer, responded to the notice on April 30, 1987. FLORIDA PHYSICIANS INSURANCE COMPANY requested (1) a release for the Plaintiff's medical records; (2) expert reports indicative of deviations from medical standards; and (3) information concerning allegations against the Defendant, and Plaintiffs' damages. Plaintiff responded to this request on May 7, 1987, and voiced objections to certain aspects of Defendant's request.

On June 9, 1987, Plaintiff advised Defendant of the nature of Plaintiff's injuries and the alleged deviations of care by Defendant in his treatment of the Plaintiff. On June 15, 1987, FLORIDA PHYSICIANS INSURANCE COMPANY responded to Plaintiff's April 20, 1987 notice. The response provided some of the information requested, but objected to certain other requests of the Plaintiff. On July 14, 1987, the Defendant requested additional medical records of the Plaintiff. This request was reported on July 24, 1987, with a specific request for records from Jackson Memorial concerning Plaintiff. At this juncture, the ninety-day statutory truce was over.

On August 14, 1987, the Plaintiff's claim was initially denied by FLORIDA PHYSICIANS INSURANCE COMPANY. This denial was reported on December 1, 1987. In its December 1, 1987, denial, FLORIDA PHYSICIANS INSURANCE COMPANY indicated that its action was based on a thorough and complete investigation. It should also be noted that prior to the August 14, 1987 and December 1, 1987, denials, the Defendants were in possession of the Jackson Memorial records.

Defendant argues that because of discovery violations, the Court should invoke the sanction of dismissal contained in F.S. 768.57(6). It should be noted that the ninety-day period with attendant informal discovery was a statutory attempt to encourage amicable resolution of malpractice claims. *Pearstein v Malunney*, 500 So.2d 585 (Fla. 2d DCA 1986); cer. denied, 511 So.2d 299 (Fla. 1987). To accomplish this objective and in apparent recognition of the obvious complexity of medical-legal issues, page 4 of the statute provided "Upon stipulation by the parties . . . the ninety-day period may be extended." The Court could conclude, based on the facts in this case, that the parties implicitly so stipulated. The record of continuing claim and response

146

with neither side objecting on time limitation grounds would appear to reflect continuing negotiation until December 1, 1987. Thus, in view of the stated purpose of the statute, i.e., amicable resolution of malpractice claims, liberal construction of its provisions would be consistent with the intent of the legislature and public policy expressed in the statute. Based on the foregoing, the Court finds the parties, by implication, stipulated to an extension of the ninety-day period until December 1, 1987, and on this basis finds that the Defendants' Motion must be denied, as no discovery violation warranting dismissal occurred. Assuming arguendo, that the foregoing analysis is inapposite, the Court must determine whether the alleged violations of F.S. 768.57(6) warrant dismissal. F.S. 768.57(6) provides "Upon receipt . . . of a claim, the parties shall make discoverable information available without formal discovery. Failure to do so is grounds for dismissal of claims or defenses ultimately asserted."

The Second District in *Morris v Ergos,* 532 So.2d 1360 (Fla. 2d DCA 1988) and *PEMHS v Richardson,* 532 So.2d 60 (Fla. 2d DCA 1988) has had occasion to deal with the question of discovery violations during the pre-suit phase. The Second District, construing F.S. 768.57(3) and F.S. 869.57(6) *in prima materia,* concluded that dismissal, a drastic remedy, is warranted only upon a showing that a party "acted unreasonably" in failing to comply (see *PEMHS* at page 63). Dismissal is warranted "only in extreme situations for flagrant or aggravated cases. . . . " (see *Morris* at page 1361).

The facts in this case fall far short of the necessary flagrancy to warrant the extreme sanction of dismissal. They indicated, to the contrary, an attempt to comply with the spirit of the statute. Both sides, at oral argument, candidly concluded that the ninety-day period was difficult to comply with. The Court is convinced each side tried in good faith to comply; more is not required. The Defendants' Motion is denied.

DONE AND ORDERED in Stuart, Martin County, Florida, this 8th day of May, 1989.