552 So.2d 209 (1989)
Robert L. STEELE, Appellant,
v.
Barry CHAPNICK, et al., Appellees.
No. 88-0484.
District Court of Appeal of Florida, Fourth District.
August 16, 1989.
Rehearing and Rehearing Denied December 13, 1989.
Jay A. Schwartz of Pershes & Schwartz, P.A., Plantation, for appellant.
Robert S. Hackleman of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellees.
Rehearing and Rehearing En Banc Denied December 13, 1989.
POLEN, Judge.
This is a timely appeal from an order dismissing plaintiff's complaint with prejudice as a sanction for noncompliance with prior discovery orders. Because we find the sanction imposed too harsh in light of the record in this case, we reverse.
Appellant's responses to requests for production of documents, interrogatories, as well as his answers on deposition, were certainly less than complete. However, in reviewing the complained-of discovery and depositions, it appears that appellant substantially complied with appellees' requested discovery, such that we do not find the type of willful, contumacious disregard of the court's order that would warrant dismissal with prejudice. Mercer v. Raine, 443 So.2d 944 (Fla. 1983). To be sure, a key *210 piece of evidence, the allegedly missing $54,000 check, has never been produced by appellant. This may make appellant's burden much more difficult should the cause proceed to trial. However, this also suggests alternative sanctions the trial court may consider: precluding appellant from presenting evidence on those issues where appellant has failed to respond to discovery demands; entering findings of fact adverse to appellant on such issues; imposition of fines and/or attorney's fees. No doubt other sanctions, short of the ultimate sanction of dismissal with prejudice, can be devised.
Having determined that the trial court erred in granting appellees' motion for dismissal with prejudice, we reverse and remand for further proceedings consistent with this opinion.
ESQUIROZ, MARGARITA, Associate Judge, concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
I would affirm.
Citing Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970), the Florida Supreme Court said in Mercer v. Raine, 443 So.2d 944 (Fla. 1983), that application of this severest of sanctions is justified where there has been deliberate and contumacious disregard of the court's authority; and, citing Herold v. Computer Consultants International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971), the Mercer court indicated such a sanction is permissible when there is bad faith, willful disregard of or gross indifference to an order of the court, or conduct evincing deliberate callousness.
This court has said that the decision to impose sanctions for a discovery violation, and the severity of the sanctions applied, are matters within the sound discretion of the trial court. State v. Alfonso, 478 So.2d 1119 (Fla. 4th DCA 1985).
There were three separate orders to compel, issued at substantial time intervals. Appellant never complied completely. Appellant's deposition shows that he knew what was expected of him.
The record on appeal is meager. It includes no transcript of the hearing on the third motion for sanctions.
In my judgment the record furnishes no reason to doubt the accuracy of the trial court's findings of willful noncompliance and fraud upon the court. The record shows appellant tried to convey to the court that he had wholly complied when he had not.
I cannot say, on the limited record that is before us, that the trial court acted outside its sound discretion.