610 So.2d 649 (1992)
Edith Patricia WAINSCOTT, Appellant,
v.
Steven RINDLEY, D.D.S., and Steven Rindley, D.D.S., P.A., Appellees.
No. 92-847.
District Court of Appeal of Florida, Third District.
December 15, 1992.
James C. Blecke, Miami, for appellant.
Stephens, Lynn, Klein & McNicholas, Gary Khutorsky and Philip Parrish, Miami, for appellees.
Before BASKIN, JORGENSON and COPE, JJ.
*650 PER CURIAM.
Edith Patricia Wainscott appeals an order dismissing her amended complaint in her dental malpractice suit against Steven Rindley, D.D.S., and Steven Rindley, D.D.S., P.A. [collectively "Rindley"]. We reverse the order and remand for reinstatement of the amended complaint.
On December 14, 1990, Wainscott served Rindley with a notice of intent to initiate litigation and with an affidavit detailing the alleged malpractice, as required by section 766.106(2), Florida Statutes (1989).[1] Rindley is insured by the Florida Medical Malpractice Joint Underwriting Association; St. Paul Fire & Marine Insurance Company [St. Paul] is the insurance carrier. On February 5, 1991, St. Paul acknowledged receipt of the notice and sent Wainscott a request for extensive information pursuant to the informal discovery provision in section 766.106(7)(b), Florida Statutes (1989).[2] Much of the information was not readily available to Wainscott, and she was unable to comply with the request promptly. On March 8th, Wainscott sent all the available information to St. Paul. St. Paul rejected Wainscott's claim on March 5th based on Wainscott's failure to comply with the request for discovery in a timely manner. The ninety-day presuit screening period did not expire until March 14th.
Wainscott filed a dental malpractice action against Rindley in July 1991. Rindley answered and asserted affirmative defenses. Wainscott filed a motion to strike Rindley's defenses for failure to comply with section 766.203(3), Florida Statutes (1989),[3] by omitting an expert opinion negating malpractice when it denied coverage. Rindley filed a motion to strike Wainscott's complaint for failure to comply with statutory presuit discovery. The court granted the motion, striking the complaint without prejudice. Wainscott filed an amended complaint. Granting Rindley's second motion to strike, the court dismissed the amended complaint.
We reverse the order dismissing Wainscott's complaint for failure to comply with presuit discovery. In George A. Morris III, M.D., P.A. v. Ergos, 532 So.2d 1360 (Fla. 1st DCA 1988), the court reversed an order striking defenses asserted by a physician for failure to respond to presuit discovery in a timely fashion. In Ergos, the court observed that dismissal was a severe sanction, justified "only in extreme situations for flagrant or aggravated cases of disobedience." Ergos, 532 So.2d at 1361, citing, Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986). In this case, Rindley has not demonstrated that Wainscott's failure to answer in a more timely fashion was not excusable in view of the quantity and quality of the information solicited in St. Paul's discovery request. Ergos, 532 So.2d at 1361. Further, it does not appear that Rindley was prejudiced by Wainscott's delay, as the lawsuit was not filed for some months after St. Paul received Wainscott's responses to its discovery request. Ergos, 532 So.2d at 1361.
Moreover, failure to comply with presuit discovery does not mandate dismissal of a claim. Section 766.106(3)(a), Florida Statutes (1989), states that the "[u]nreasonable failure of any party to comply with this section justifies dismissal of claims or defenses." (Emphasis added). This section, however, does not require dismissal for noncompliance as a matter of law. See Pinellas Emergency Mental Health Serv., Inc. v. Richardson, 532 So.2d 60 (Fla. 2d DCA 1988). Failure to comply may be reasonable or, even if unreasonable, may not justify the ultimate *651 sanction of dismissal. See Richardson. Thus, we conclude that the trial court abused its discretion in dismissing Wainscott's amended complaint. We therefore reverse the order on appeal and remand the cause for reinstatement of the amended complaint.
Reversed and remanded.
NOTES
[1] Section 766.106(2) requires that a claimant notify prospective defendants of the intent to initiate a malpractice suit. No suit may be filed until ninety-days after notice is mailed to all prospective defendants. § 766.106(3)(a), Fla. Stat. (1989).
[2] Section 766.106(7)(b) requires a party to respond within 20 days after the discovery request is received.
[3] Section 766.203 provides: "Corroboration of lack of reasonable grounds for medical negligence litigation shall be provided with any response rejecting the claim by the defendant's submission of a verified written medical expert opinion... ."