619 So.2d 482 (1993)
David Nicholas RAGOONANAN, a Minor Child, By his Parents, David Ragoonanan and Karen E. RAGOONANAN; and David Ragoonanan and Karen E. Ragoonanan, individually, Appellants,
v.
ASSOCIATES IN OBSTETRICS & GYNECOLOGY; K.K. Yankopolus, M.D.; Philip F. Waterman, II, M.D.; Randall P. Cowdin, M.D., Stuart Don Levy, M.D.; and Hospital Board of Directors of Lee County d/b/a Lee Memorial Hospital, Appellees.
No. 92-02176.
District Court of Appeal of Florida, Second District.
June 11, 1993.
*483 Roger E. Craig of Craig, Ryan & Mast, Naples, for appellants.
William E. Partridge of Lutz, Webb, Partridge, Bobo & Baitty, P.A., Sarasota, for appellees Associates in Obstetrics and Gynecology; K.K. Yankopolus, M.D.; Philip F. Waterman, II, M.D.; Randall P. Cowdin, M.D.; and Stuart Don Levy, M.D.
Robert C. McCurdy, Fort Myers, for appellee Hosp. Bd. of Directors of Lee County d/b/a Lee Memorial Hosp.
THREADGILL, Judge.
The Ragoonanans appeal orders dismissing their complaint for medical negligence. We reverse.
The Ragoonanans filed an action for medical negligence against the physicians and hospital from which Mrs. Ragoonanan received care during her pregnancy. The physicians and hospital filed motions to dismiss the complaint alleging that the Ragoonanans had failed to comply with the presuit requirements of chapter 766, Florida Statutes (1989). The physicians asked the trial court to determine, as provided by section 766.206, Florida Statutes (1989), *484 whether the Ragoonanans' claim rests on a reasonable basis and to determine whether the physicians are entitled to sovereign immunity under section 768.28(9)(a), Florida Statutes (1989). After hearing argument of counsel, the trial court granted these motions and dismissed the complaint without comment. The Ragoonanans filed this timely appeal.
The intent of sections 766.201 through 766.212, Florida Statutes (1989), setting forth presuit requirements for medical negligence claims, is to alleviate the high cost of such claims by early determination of the claims' merits and to provide for their prompt resolution. § 766.201, Fla. Stat. (1989). These provisions were not intended to require presuit litigation of all the issues in medical negligence claims nor to deny parties access to the court on the basis of technicalities. Although the Ragoonanans' good faith attempt to comply with statutory presuit requirements may have fallen short of statutory technicalities, it established a reasonable basis for their claim and should have survived a motion to dismiss.
At the outset, we note that there is insufficient evidence in the record at this stage of the proceedings to determine the issue of sovereign immunity. See Testa v. Pfaff, 464 So.2d 220 (Fla. 1st DCA 1985). Thus, dismissal on that basis was premature.
We also reject as a ground for dismissal the hospital's claim that the Ragoonanans failed to cooperate in good faith with presuit discovery, as required by section 766.205, Florida Statutes. Failure to comply with presuit discovery does not mandate dismissal of a claim. Wainscott v. Rindley, 610 So.2d 649 (Fla. 3d DCA 1992). Dismissal is justified only where the failure to cooperate is unreasonable, and even unreasonable conduct may not justify the ultimate sanction of dismissal. Id. at 650. The only deficiency in the Ragoonanans' performance appearing in the record was their failure to provide the name of their medical expert. The Ragoonanans answered interrogatories propounded by the hospital, appeared before a three-member screening panel appointed by the hospital, and supplied the hospital with documents requested which were not already in the hospital's possession. Such conduct does not constitute an unreasonable failure to cooperate.
There remains the issue of whether the Ragoonanans' claim rests on a reasonable basis. Section 766.203(2) requires that
Prior to issuing notification of intent to initiate medical malpractice litigation ... the claimant shall conduct an investigation to ascertain that there are reasonable grounds to believe that:
(a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and
(b) Such negligence resulted in injury to the claimant.
Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion ... which statement shall corroborate reasonable grounds to support the claim of medical negligence.
After completion of the presuit investigation, any party may request the court to determine whether the opposing party's claim rests on a reasonable basis. § 766.206, Fla. Stat. (1989). If the court finds the notice of intent to initiate litigation is not in compliance with the reasonable investigation requirements, the court shall dismiss the claim. Id.
The purpose of the requirement of providing an expert corroborative opinion is to prevent the filing of baseless litigation. Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA 1992). "[T]he notice of intent to initiate litigation and the corroborating medical expert opinion, taken together, must sufficiently indicate the manner in which the defendant doctor allegedly deviated from the standard of care, and must provide adequate information for the defendants to evaluate the merits of the claim." Duffy v. Brooker, 614 So.2d 539, 545 (Fla. 1st DCA 1993).
The physicians and hospital argue that the Ragoonanans' failed to make a reasonable presuit investigation of their claim because *485 their corroborative expert opinion does not identify the purported expert nor specify the manner in which the physicians and hospital deviated from the standard of care. The opinion consists of a notarized letter which the notice of intent to initiate litigation identifies as the sworn statement of a "`medical expert' as that term is defined in Florida Statute 766.202(5)." The signature on the notarized letter is illegible and there is no identifying letterhead. The letter provides as follows:
I have been advised that your client, Karen Ragoonanan in the third month of her pregnancy told the physicians providing her prenatal care that, like her mother, she had a "weak cervix". At the time she also told them that her mother "had two premature deliveries before me and both died."
The physician who responded told her she had nothing to worry about and no action was taken or advice given regarding the "weak cervix" information.
Although the child was not due until approximately October 24, 1989, he was born June 27, 1989 and, although he survived, he suffered serious, permanent physical damage of a type associated with prematurity.
Assuming the aforesaid account to be true and without significant mitigation, it is my professional opinion that the conduct of the physicians in question represented a breach of the prevailing professional standard of care expected of physicians in this country. No previous expert opinion I have expressed has been judicially disqualified.
The Ragoonanan's attorney was unable to provide the name and address of their expert to the physicians and hospital prior to the hearing on the motions to dismiss, but had identified the expert as a "board certified practicing OB/GYN."[1]
In determining whether a party's claim rests on a reasonable basis, the trial court
may consider any relevant evidence, including the inferences to be drawn from the text of the notice of intent to sue or response and its corroborating medical expert opinion. However, the failure to provide an adequate verified written medical expert opinion is not dispositive. If the greater weight of the evidence establishes that the non-moving party did conduct a `reasonable investigation' and that its notice of intent to sue or response rejecting the claim `rests on a reasonable basis,' the motion will be denied.
614 So.2d at 545.
An inescapable inference of negligence arises even for the lay person from the facts set forth in the notice of intent to initiate litigation and the corroborative expert opinion. Taking the facts in the notice as true, the physicians were advised of Mrs. Ragoonanan's family medical history yet took no precautions against a repetition of her mother's experiences. Indeed, like two of the children born to her mother, Mrs. Ragoonanan's child was born premature. As a result, the child suffered serious permanent injuries including blindness. Thus, the Ragoonanans have satisfied the intent of the statute by outlining a factual basis from which the merits of the claim can be determined. See 614 So.2d at 546. To bar the Ragoonanans at this stage of the proceedings from litigating their claim would be tantamount to permitting a technicality to deprive them of access to the court.
Motions to dismiss are not favored methods of terminating litigation. Bd. of County Commissioners v. Aetna Cas. & Sur., 604 So.2d 850, 851 (Fla. 2d DCA 1992). Because the greater weight of the evidence suggests that the Ragoonanans conducted a reasonable investigation, dismissal was an abuse of discretion. See 614 So.2d at 545.
*486 We have considered the Ragoonanans' remaining points on appeal and find them to be without merit. Accordingly, we reverse and remand for reinstatement of the complaint.
Reversed.
CAMPBELL, A.C.J., and BLUE, J., concur.
NOTES
[1] Section 766.202(5) defines medical expert as "a person duly and regularly engaged in the practice of his profession who holds a health care professional degree from a university or college and has had special professional training and experience or one possessed of special health care knowledge or skill about the subject upon which he is called to testify or provide an opinion."