630 So.2d 1238 (1994)
Cheryl Lange WILKINSON, Appellant,
v.
Edward E. GOLDEN, Jr., D.D.S., Appellee.
No. 92-04705.
District Court of Appeal of Florida, Second District.
January 28, 1994.
James Schwartz, Clearwater, for appellant.
*1239 James B. Thompson and Margaret Teresa Harris of The Thompson Law Group, St. Petersburg, for appellee.
BLUE, Judge.
Cheryl Lange Wilkinson appeals the dismissal of her complaint alleging dental malpractice by Edward E. Golden, Jr., D.D.S. The trial court dismissed the complaint on a finding that Wilkinson intentionally withheld information in violation of the presuit discovery requirements governing medical and dental malpractice actions. We reverse because we conclude that at the time Wilkinson withheld information she was under no statutory duty to engage in presuit discovery.
In 1988, the Florida Legislature adopted sections 766.201 through 766.212, Florida Statutes (Supp. 1988), and strengthened section 766.106.[1] These changes were enacted with the stated intent of providing a plan for the prompt resolution of medical malpractice claims. The legislature found that the cost of malpractice claims could be substantially reduced by requiring an early determination of the merits of claims. As this court has held, however, "[t]hese provisions were not intended to require presuit litigation of all the issues in medical negligence claims nor to deny parties access to the court on the basis of technicalities." Ragoonanan v. Associates in Obstetrics, 619 So.2d 482, 484 (Fla. 2d DCA 1993).
In a medical malpractice action, the statute requires a presuit investigation by the claimant to ascertain that there are reasonable grounds to believe the claimant was injured by the negligence of a medical provider. As a component of this presuit investigation, the claimant must obtain an expert medical opinion corroborating such injury. § 766.203(2), Fla. Stat. (1991). The claimant must then notify the prospective defendant, by certified mail, of the intent to initiate litigation. § 766.106(2). The defendant has 90 days from this notice to determine if there are reasonable grounds to believe the claimant was not injured by the defendant's negligence. § 766.106(3). During this period, the parties are required to cooperate in "informal" discovery. § 766.205. The claimant is allowed to file a lawsuit only after the 90 days has expired or after the defendant has denied the claim. § 766.106(3).
A party's lack of good faith cooperation in the informal discovery may result in sanctions. § 766.205(3). As this court has held, however, only unreasonable conduct justifies the severe sanction of dismissing a claim. And even then, dismissal would not be mandatory. 619 So.2d at 484. Ragoonanan provides guidance to trial courts when considering if sanctions, including dismissal, should be imposed for statutory violations. To decide if a sanction is warranted, the court must first determine that a statute has been violated.
We now turn to the facts in this case. On December 3, 1991, Wilkinson's attorney wrote to Golden's malpractice carrier and requested that it informally handle Wilkinson's malpractice claim. Replying on behalf of Golden and the malpractice carrier, Golden's attorney denied the request and insisted that Wilkinson follow the formal statutory requirements. The letter was accompanied by a request for information entitled "Response to Plaintiff's Notice of Intent." The letter and request for information were dated December 17, 1991.
This "Response to Plaintiff's Notice of Intent" was divided into ten separate items. Item two requested all of Wilkinson's health care providers for the preceding ten years. On January 22, 1992, Wilkinson's attorney answered five of the ten requests. This answer included information pertaining to item two, but provided the health care providers for only the immediately preceding five years, rather than ten. If the response had spanned ten years, it would have revealed that Wilkinson had been treated by another dentist against whom she had brought a malpractice action.
Wilkinson's attorney closed the response letter by acknowledging that certain items were not included, but he advised that Wilkinson was available for "presuit investigation" and offered further "documentation/information" if needed to evaluate the claim. *1240 Although there were further communications and correspondence between the parties after the January 22 letter, Golden made no additional requests for information nor did he demand answers to the remaining questions.
On March 16, 1992, Wilkinson mailed a "Notice of Intent to Initiate an Action for Dental Malpractice." Golden does not assert any impropriety with this notice. Golden denied the claim on April 17, 1992, and Wilkinson filed suit on June 15, 1992.
Golden filed a motion to dismiss the complaint based in part on Wilkinson's failure to properly respond to the letter of December 17, 1991. Golden also filed interrogatories which were answered after a motion to compel and apparently included all of the information allegedly missing from the response to the December 17 letter. The record reflects that Golden had made no requests for information following the notice until the filing of these interrogatories. After the interrogatories were answered, a hearing was held on the motion to dismiss.
At the hearing on the motion to dismiss, Golden argued that Wilkinson intentionally evaded the informal presuit discovery mandated by statute when she failed to furnish medical records or list the dentist from whom she had obtained treatment and subsequently sued for malpractice. He also argued that her failure to answer the interrogatories until compelled to do so was additional evidence of her intentional evasion.
In addition to argument of counsel at the hearing, Wilkinson was allowed to present her testimony. Wilkinson testified that she had mistakenly furnished the names of health care providers for a five-year period because it was the only question of several in which the informational period was ten years.[2] She also asserted that Golden's attorney had previously defended a personal injury action in which Wilkinson was plaintiff, had taken her deposition, and was aware of her prior treatment and litigation.
The trial court found that Wilkinson had followed a pattern of conduct to evade the statutory requirements. In granting the motion to dismiss, the court held that it would be an abuse of discretion to deny the motion in light of Wilkinson's intentional actions. If our decision turned on the question of whether the trial court erred in finding that Wilkinson intentionally withheld information, we would be required to affirm. The issue in this case, however, is whether information was withheld during a time when Wilkinson was under a statutory duty to furnish that information.
We conclude a claimant is not obligated to engage in informal discovery before the "notice of intention to initiate medical malpractice litigation" is mailed. Likewise, a prospective defendant is under no statutory obligation to investigate a claim before receiving that notice. § 766.106(3)(a). Section 766.205(1) provides that upon completion of presuit investigation resulting in this notice of intent, "each party shall provide to the other party reasonable access to information." Florida Rule of Civil Procedure 1.650(b)(1) provides that the notice of intent makes the recipient a party to the proceeding. Section (c)(1) of the same rule provides that upon receipt by a prospective defendant of the notice of intent to initiate litigation, the parties may obtain presuit screening discovery.
Nowhere within the statutes or rules do we find any requirement that a claimant furnish information prior to the notice of intent. Nor would we expect to find such a requirement. Parties have always been free to exchange information in settlement negotiations but not required to do so until initiation of litigation. The statutory scheme in chapter 766, requiring informal discovery prior to filing a malpractice action, is an exception, but not one that would allow access to a potential claimant's medical and financial records without a precipitating event. We conclude that the precipitating event is the notice of intent to initiate litigation.
Golden relied on sections 766.204 and 766.205 in his motion to dismiss; both were cited in the trial court's order granting dismissal of Wilkinson's complaint. Section *1241 766.204 requires that parties provide copies of relevant medical records to each other within ten days of a request. Although this section appears to require production of records at any time, we rely on the analysis above to hold that production is not required before the notice of intent. Even assuming that this section places an earlier duty on a claimant, the failure to comply only waives the right to receive medical corroboration from the opposing party. This section, therefore, does not support dismissal as the sanction for failing to provide medical records.
Section 766.205 provides specifically that the duty of informal discovery begins after notice of intent to initiate litigation. That being so, failure to respond fully or accurately to a request for information almost three months before the notice of intent was mailed could not expose Wilkinson to sanctions. There is no support for Golden's position that Wilkinson's letter of December 3, 1991, was a notice of intent precipitating informal discovery. The letter was not sent by certified mail, it was not accompanied by a corroborating medical report, and it clearly requested negotiations outside the statutory requirements. The December 3 letter cannot be transformed into a statutorily defined notice of intent by Golden's decision to send a self-titled "Response to Plaintiff's Notice of Intent" on December 17.
In conclusion, we accept the trial court's finding that Wilkinson withheld information. But this occurred before the "notice of intent to initiate litigation" which we conclude is the event precipitating informal discovery. Because presuit or informal discovery is not mandatory before a claimant serves the notice of intent, sanctions are not permissible for alleged violations occurring before that event. Accordingly, we reverse the dismissal of the complaint for failure to abide by presuit discovery requirements and remand for further proceedings. Wilkinson raised one other issue in this appeal which we affirm without discussion.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and THREADGILL, J., concur.
NOTES
[1] Section 766.106 was formerly section 768.57, Florida Statutes (1987).
[2] The record reflects that a number of the items in the letter of December 17, 1991, requested information for a period of five years and only in item two was the request for ten years.