DAUKSCH, Judge,
dissents.
I respectfully dissent.
Appellant’s attorney failed to comply with the pre-suit discovery provisions of section 766.106, et. seq., Florida Statutes. The attorney for appellee filed the proper notice of rejection of claim in a timely fashion, apparently on or close to the final day for it to be done. Appellant’s attorney says now that he was almost to give the discovery when he got the notice of rejection and thus felt it would be to no avail for him to send it. Because appellant’s attorney probably was unaware of Wainscott v. Rindley, 610 So.2d 649 (Fla. 3d DCA 1992) and perhaps because the trial judge felt it was mandatory that the action be dismissed with prejudice, I think it an abuse of discretion for having done so. There are other sanctions, particularly against the attorney, rather than the innocent client, available. I think the trial judge should have pursued that avenue. No prejudice against appellee has been shown and the rather one-sided statute permits, but does not require, dismissal. Therefore I would require appellant’s attorney to provide full discovery, at his expense, to appellee and delay, for a short time, the requirement of any action on the part of appellee until all the discovery is provided. That would be a sufficient sanction while providing justice for both sides.