PER CURIAM.
This is an appeal from an order granting appellees’ motion to strike appellant’s complaint for failure to comply with Administrative Order No. 79-2 regarding previously dismissed and refiled cases and an order denying appellant’s motion to transfer. Administrative Order No. 79-2[1] requires that when a case filed in the Eleventh Judicial Circuit is dismissed and subsequently refiled and the plaintiffs counsel has knowledge of the earlier filed ease, the plaintiffs counsel is required to file a “Notice of Previous Filing” which sets forth the style, case number, section and date of dismissal of the prior ease. Although this case was a refiled action, the appellant failed to file the required “Notice of Previous Filing” simultaneously with the refiled complaint. Prior to the hearing on appellees’ motion to strike, however, the appellant did file his “Notice of Previous Filing” and requested that this action be transferred back to the circuit court division to which it was originally assigned. The trial court, however, granted appellees’ motion and.as a result of the complaint being stricken, appellant’s motion to transfer this cause was denied. This appeal followed.
We reverse upon a finding that the trial court abused its discretion in imposing the ultimate sanction of dismissal where there was no showing that appellant’s failure to comply with the court’s administrative order was flagrant or willful, see, e.g., Townsend v. Feinberg, 659 So.2d 1218,1219 (Fla. 4th DCA 1995); Wright v. Allen, 611 So.2d 23, 24 (Fla. 1st DCA 1992); World on Wheels of Miami, Inc. v. Int’l Auto Motors, Inc., 569 So.2d 836, 837 (Fla. 3d DCA 1990); Carillon Corp. v. Devick, 554 So.2d 630, 632 (Fla. 4th DCA 1989), or that appellant’s failure to file the “Notice of Previous Filing” simultaneously with the refiling of the complaint below created prejudice to appellees, see, e.g., Martin v. Laidlaw Tree Serv., Inc., 619 So.2d 435, 439 (Fla. 2d DCA 1993); Wainscott v. Rindley, 610 So.2d 649, 650 (Fla. 3d DCA 1992); Bieling v. E.F. Hutton & Co., 522 So.2d 878 (Fla. 2d DCA), review denied, 531 So.2d 1352 (Fla.1988).
We therefore remand this cause with instructions that the complaint be reinstated and that it be transferred to the appropriate circuit division pursuant to the administrative rules of the court.
Reversed and remanded.

. Administrative Order No. 79-2 outlines the procedure for refiling previously dismissed actions and states in pertinent part that:
4. Transfer of Cases.
(a) When a case has been previously filed and subsequently dismissed and the Plaintiff's attorney has knowledge of the prior case, he shall at the time of filing his original complaint with the Clerk’s office, file an additional pleading entitled “notice of previous filing," and set forth in such pleading the style, case number, section and Date of Dismissal of the prior case. The Administrative Office of the Court, upon verification of the previous filing, shall send the case to the Administrative Judge for reassignment and transfer to the section in which the original complaint was filed.