705 So.2d 1034 (1998)
Luis R. PAGAN, M.D. and Luis R. Pagan, M.D., P.A., Defendants/Appellants,
v.
Glenda SMITH and Roland Smith, Plaintiffs/Appellees.
No. 97-1294.
District Court of Appeal of Florida, Third District.
February 11, 1998.
*1035 George, Hartz, Lundeen, Flagg & Fulmer; Hicks & Anderson and Cindy L. Ebenfeld, Miami, for defendants/appellants.
Robert L. Spector, Ft. Lauderdale; Ginsberg & Schwartz, and Todd R. Schwartz, Miami, for plaintiffs/appellees.
Before COPE, GODERICH and SORONDO, JJ.
SORONDO, Judge.
LUIS R. PAGAN, M.D. and LUIS R. PAGAN, M.D., P.A. (Dr. Pagan) appeal the lower court's non-final order granting GLENDA SMITH and ROLAND SMITH's (plaintiffs) motion to strike the pleadings of Dr. Pagan and his P.A. for failure to comply with the investigation requirements of the medical malpractice presuit statutes.
Plaintiffs sued, among others, Dr. Pagan for damages arising out of Glenda's treatment at Cedars Medical Center on July 29, 1993. Glenda was admitted for the refilling of an internal morphine pump. Plaintiffs allege that Dr. Pagan, a neurological surgeon, negligently prescribed Demerol to Glenda and that the Demerol caused her to go into respiratory arrest, become comatose, and sustain permanent memory loss. Roland, Glenda's husband, sued for loss of consortium.
Plaintiffs served Dr. Pagan with a notice of intent on November 29, 1995. Before that, Plaintiffs took Dr. Pagan's deposition in prosecuting the original action against Cedars. Fearing that he might be sued, Dr. Pagan contacted his attorney, and asked him whether the statute of limitations had run on the potential medical malpractice claim against him. Counsel instructed his associate to research the applicability of the statute of limitations defense. While researching the issue, the associate received a fax from Dr. Pagan to his (the associate's) superior, which included a copy of the notice of intent. Counsel was not made aware of the notice and the associate either did not appreciate its significance or erroneously presumed that an original had been mailed to his superior. Ultimately, Dr. Pagan called counsel to report that he had been served with a complaint. Dr. Pagan further advised counsel that he had faxed the notice of intent months before to his office. Eventually, the notice of intent was found in the associate's research file.
Counsel reviewed the case and the medical records and consulted with 2 medical experts who gave him written opinions that Dr. Pagan was not negligent. He answered the complaint, denied the allegations of medical negligence, asserted the statute of limitations as an affirmative defense, and attached the verified written medical opinion of Antonio Pratts, M.D., a neurosurgeon, whose opinion was that Dr. Pagan was not medically negligent.
The trial court held an evidentiary hearing on plaintiffs' motions to determine the reasonableness of Dr. Pagan's presuit investigation and to strike Dr. Pagan's pleadings. On April 1, 1997, the court entered the order granting plaintiffs' motion to strike the doctor's pleadings and ordering the case to proceed to trial on damages only. Dr. Pagan filed a motion for rehearing and/or reconsideration, which the lower court did not rule on. For the reasons set forth below, we reverse.
In Kukral v. Mekras, 679 So.2d 278, 284 (Fla.1996), the Supreme Court of Florida stated:
We agree with the proposition that the medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen's constitutionally guaranteed access to the courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits and defenses.
In Kukral, it was the plaintiffs who had their case dismissed for failure to comply with the presuit requirements of section 766.202(4), Florida Statutes (1991). In reversing the lower court's order of dismissal, the Court repeatedly stressed the long-standing policy favoring access to the courts. See also *1036 Weinstock v. Groth, 629 So.2d 835, 838 (Fla. 1993) ("The purpose of the chapter 766 presuit requirements is to alleviate the high cost of medical negligence claims through early determination and prompt resolution of claims, not to deny access to the courts to plaintiffs ..."); Ragoonanan v. Associates in Obstetrics and Gynecology, 619 So.2d 482, 484 (Fla. 2d DCA 1993) (sections 766.201 through 766.212 "were not intended to require presuit litigation of all the issues in medical negligence claims nor to deny parties access to the court on the basis of technicalities"). With this principle in mind we proceed to analyze the facts of this case.
Plaintiffs sought to strike Dr. Pagan's pleadings on the basis of sections 766.203(3) and 766.206(3), Florida Statutes. As pertinent to the defendant in this case, Section 766.203(3) requires the defendant to perform "an investigation to ascertain whether there are reasonable grounds to believe that; (a) [t]he defendant was negligent in the care or treatment of the claimant; and (b) [s]uch negligence resulted in injury to the claimant." Section 766.206(3), Florida Statutes provides for the striking of a defendant's response and other sanctions against the defendant and/or the person mailing it if the court finds that the response is not in compliance with the reasonable investigation requirements. In determining whether the sanction imposed by the trial court herein was appropriate, we review the actions of Dr. Pagan and his attorney during the relevant time period. Upon becoming aware of the possibility of being sued for medical malpractice, Dr. Pagan called his lawyer and asked him to determine whether the statute of limitations would serve as a valid defense in his case. Counsel immediately instructed his associate to conduct the research necessary to make that determination. Immediately upon receiving the plaintiff's notice of intent, Dr. Pagan faxed a copy to his attorney. The facsimile transmission was received by the firm but mishandled by the associate. As a result, although the issue of the statute of limitations was being investigated, Dr. Pagan failed to conduct the investigation required by the statute within the time period established.[1]
Upon being served with a copy of the complaint, Dr. Pagan immediately notified his attorney, at which time the law firm's error concerning the copy of the notice was discovered. Counsel immediately conducted the required investigation of the claim of medical negligence. He completed the investigation and served the answer, along with a corroborating affidavit from Dr. Pratts within 20 days of service of the complaint. We conclude that these facts simply do not justify the extremely harsh sanction imposed by the trial court. Ragoonanan; Wainscott v. Rindley, 610 So.2d 649 (Fla. 3d DCA 1992) (reversed dismissal of complaint based on plaintiff's failure to promptly comply with presuit discovery because dismissal is a severe sanction, justified only in extreme situations for flagrant cases of disobedience); George A. Morris III, M.D., P.A. v. Ergos, 532 So.2d 1360 (Fla. 2d DCA 1988) (striking a defendant doctor's defenses for failure to timely respond to presuit discovery requests held too harsh a remedy in the absence of prejudice to plaintiff). In the absence of any prejudice to the plaintiff, Dr. Pagan's inadvertent omissions in this case should not have been so severely punished.
We conclude that the trial judge abused her discretion in granting the plaintiff's motion and reverse the order striking the defendant's pleadings.
Reversed and remanded.
NOTES
[1] We note that the doctor's motion for summary judgment as to the claims of Roland Smith was granted on the basis of the statute of limitations defense. The same motion as to Glenda Smith was denied without prejudice. It is clear, therefore, that the research being conducted by counsel, at Dr. Pagan's request, during the presuit period was valid and in good faith.