FARMER, J.
We affirm the trial court’s order in this medical malpractice action striking the pleadings and defenses of defendants for failure to participate in informal discovery as required by sections 766.106(6) and 766.205(2), Florida Statutes (1997).[1] The record fully supports the finding of the trial judge that these defendants unreasonably failed to engage in informal discovery after having been properly requested by plaintiffs to do so.
We conclude that nothing in the applicable statutes precludes the use of interrogatories, reasonably limited in number and complexity, in informal discovery. We reject defendants’ contention that this kind of curtailed informal discovery is limited to unsworn statements under section 766.106(7)(a), the production of documents and things under section 766.106(7)(b), or physical and mental examinations under 766.106(7)(e). If defendant can be required to submit to an oral examination (unsworn statement), surely it is equally proper to resort to the far less onerous method of requiring responses to written *580 questions. Of course, the trial judge could find an informal statement unnecessarily duplicative of interrogatories already answered and thus conclude that a defendant has not unreasonably refused to participate in informal discovery.
We do agree with defendants, however, that the award of attorneys fees is unauthorized by the applicable statute. Plaintiffs’ motion for attorneys fees rested on section 766.206(3), which says:
“If the court finds that the response mailed by a defendant rejecting the claim is not in compliance with the reasonable investigation requirements, the court shall strike the defendant’s response, and the person who mailed such response, whether the defendant, the defendant’s insurer, or the defendant’s attorney, shall be personally liable for all attorney’s fees and costs incurred during the investigation and evaluation of the claim, including the reasonable attorney’s fees and costs of the claimant.” [emphasis supplied]
§ 766.206(3), Fla. Stat. (1997). We read this statute to allow a claimant to recover fees only when a defendant’s response rejecting a claim is not in compliance with the reasonable investigation requirement.
In moving to strike defendants’ defenses in this case, plaintiffs alleged two grounds for doing so: (1) that defendants had unreasonably failed to investigate the claim, and (2) that defendants had unreasonably failed to participate in informal discovery. The trial judge expressly found that defendants had unreasonably failed to participate in informal discovery but remained silent on the investigation allegation. We take that silence to be an implicit rejection of that allegation as a basis for striking the defenses.
Although we reverse the grant of fees in this case, we cannot let the occasion pass without commenting on the illogic of allowing fees for failing to make a reasonable investigation of a claim but not to allow fees for failing to respond to a request for informal discovery. It is difficult to imagine how a defendant could reasonably investigate a claim yet at the same time refuse to engage in informal discovery. It seems quite apparent to us that participating in informal discovery that is relevant to the claim is likely to yield information that would inform a defendant’s decision as to whether the claim is well founded or not. That anomaly, however, is for the legislature to rectify.
AFFIRM STRIKING OF DEFENSES; REVERSE AWARD OF ATTORNEYS FEES.
WARNER and STEVENSON, JJ., concur.

. We have jurisdiction. See Rule 9.130(a)(3)(C)(iv), Fla.R.App.P.