742 So.2d 322 (1999)
PREFERRED MEDICAL PLAN, INC., a Florida corporation, Appellant,
v.
Angel R. RAMOS and Celina R. Appellees.
No. 98-3168.
District Court of Appeal of Florida, Third District.
July 7, 1999.
Rehearing Denied November 3, 1999.
Stephens, Lynn, Klein & McNicholas and Philip D. Parrish, Miami, for appellant.
David H. Zoberg, Miami; Ariel E. Furst, Miami Beach; Lawrence & Daniels and Adam H. Lawrence, Miami, for appellees.
Before NESBITT, SHEVIN and SORONDO, JJ.
*323 SHEVIN, Judge.
Preferred Medical Plan, Inc. ["PMP"], defendant below, appeals an order striking its pleadings for failure to comply with plaintiffs' presuit discovery requests pursuant to section 766.206, Florida Statutes (1997). We reverse.
The "medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen's constitutionally guaranteed access to the courts ...." Kukral v. Mekras, 679 So.2d 278, 284 (Fla.1996). In this case, the trial court's order was tantamount to denying PMP access to the courts and was not a measured response to the failure to comply with presuit discovery. This court has affirmed the striking of a defendant's pleadings where a defendant has completely failed to investigate a plaintiff's claim. See Estevez v. Montero, 662 So.2d 1268 (Fla. 3d DCA 1995), review denied, 675 So.2d 120 (Fla.1996). That, however, is not the case here; the record demonstrates that PMP did take steps to investigate the plaintiff's claim, as required by the statute. The ultimate sanctionstriking PMP's pleading and defenses for failure to comply with presuit discovery requestswas an abuse of discretion.
Additionally, we note that failure to comply with presuit discovery does not automatically mandate dismissal of a claim as a matter of law. See Wainscott v. Rindley, 610 So.2d 649 (Fla. 3d DCA 1992). "Failure to comply may be reasonable or, even if unreasonable, may not justify the ultimate sanction of dismissal." Wainscott, 610 So.2d at 650-51.
We are compelled to reach this result based on Florida's longstanding public policy favoring resolution of cases on their merits. See generally Martinez v. Fraxedas, 678 So.2d 489, 491 (Fla. 3d DCA 1996); Venero v. Balbuena, 652 So.2d 1271 (Fla. 3d DCA 1995); Cinkat Transp., Inc. v. Maryland Cas. Co., 596 So.2d 746 (Fla. 3d DCA 1992); Sekot Lab., Inc. v. Gleason, 585 So.2d 286 (Fla. 3d DCA 1990).[1] This result is without prejudice to the trial court imposing sanctions[2] on defendant as may be justified by the delay in this case. We therefore reverse the order striking the defenses and remand with instructions to reinstate the pleadings in accordance with this opinion.
Reversed and remanded.
NESBITT, SHEVIN and SORONDO, JJ., concur.
NOTES
[1] See also Medina v. Public Health Trust, 743 So.2d 541 (Fla. 3d DCA 1999).
[2] Sanctions, as we use the term, do not include imposition of attorney's fees, which the Fourth District in Nolan v. Turner, 24 Fla. L. Weekly D1468, 737 So.2d 579 (Fla. 4th DCA 1999), correctly held were not permitted for failure to comply with section 766.106, Florida Statutes. Alternatively, the trial court may consider "precluding appellant from presenting evidence on those issues where appellant has failed to respond to discovery demand; entering findings of fact adverse to appellant on such issues; [and] imposition of fines...." Steele v. Chapnick, 552 So.2d 209 (Fla. 4th DCA 1989), review denied 563 So.2d 631 (Fla.1990). See generally, Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993) ("a fine, public reprimand, or contempt order may often be the appropriate sanction").