# Third District Court of Appeal

## State of Florida

Opinion filed July 18, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-2267, 3D17-1462 & 3D17-1461
Lower Tribunal No. 15-16760

_____

**Joseph Manzaro,**
Appellant,

vs.

**HCA, Inc., et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Guillermo J. Farinas (Palm Beach), for appellant.

Lewis Brisbois Bisgaard & Smith and Jerome R. Silverberg and Jeffrey L. Kominsky (Fort Lauderdale); Foley & Mansfield and Kevin P. O'Connor and Mary Street; Wicker Smith O'Hara McCoy & Ford and Jessica L. Gross, for appellees.

Before SALTER, EMAS and LOGUE, JJ.

SALTER, J.

Joseph Manzaro ("Mr. Manzaro"), as personal representative of the estate of Harmony Nicole Thornton ("Ms. Thornton"), appeals three orders dismissing with prejudice an amended medical malpractice and wrongful death complaint with prejudice for failure to comply with statutory pre-suit requirements. We affirm.

I.     Facts; Proceedings in the Circuit Court

These three consolidated appeals arise from the same circuit court lawsuit and a single "Amended Complaint for Wrongful Death & Demand for Jury Trial" (the "Complaint") filed on behalf of Mr. Manzaro in May 2016. The Complaint identified 22 defendants in the caption and introduction, although specific acts and omissions were not alleged as to several of them. Ms. Thornton died at Mercy Hospital on April 23, 2013; the death certificate listed the manner of death as natural, and the causes of death as three preexisting medical conditions arising three months, six months, and six years before her death. An autopsy performed three weeks after Ms. Thornton's death listed the cause of death as "undetermined."

The consolidated cases here are: Case No. 3D17-1461, involving claims against appellees/defendants HCA, Inc., Plantation General Hospital, L.P., Mercy Hospital, HCA Long Term Health Services of Miami, Inc., Northwest Medical Center, Inc., and University Hospital, Ltd. (collectively, the "HCA Defendants"); Case No. 3D17-1462, involving claims against Alberto Manzor, M.D. ("Dr.

Manzor"); and Case No. 3D17-2267, involving claims against Steven Cohn, M.D. ("Dr. Cohn"). The cases were separately briefed.[1]

Although the death certificate and autopsy did not suggest medical malpractice or violent crime, the Complaint alleged that Ms. Thornton "mysteriously and suspiciously died" and that her death "was a result of her murder or manslaughter," "hospital homicide," and "attempted involuntary euthanasia."

A.    Drs. Cohn and Manzor

Dr. Cohn and Dr. Manzor filed motions to dismiss the Complaint based on Mr. Manzaro's failure to comply with Florida's statutory requirements applicable to claims of medical malpractice (sections 766.201 - .212, Florida Statutes (2015)), and the expiration of the applicable statute of limitation. Dr. Cohn and Dr. Manzor were not identified individually in any count within the Complaint, nor were there any allegations identifying any individual acts or omissions by those defendants.

Mr. Manzaro mailed Dr. Cohn a notice of intent to initiate litigation on April 13, 2015, but it contained no allegations as to any wrongful acts or omissions by Dr. Cohn. No corroborating expert affidavit was attached.

---

[1] The cases were scheduled for oral argument on a consolidated basis. The Court granted the appellant's emergency motion for continuance filed that morning, but in its order advised the parties that the cases would be rescheduled for oral argument "if the panel concludes that oral argument will aid the court in reaching its decision." After a review of the briefs and records in the consolidated cases, the panel has determined that oral argument will not be necessary.

3

Mr. Manzaro's notice of intent mailed to Dr. Manzor was returned unclaimed; there is no indication of any subsequent attempt at, or successful, delivery of a presuit notice to Dr. Manzor.

These circumstances, coupled with the passage of the two-year statute of limitations applicable to the claims against these two physicians, culminated in orders dismissing the Complaint with prejudice as to each of them.

### B.    HCA Defendants

Mr. Manzaro also served a notice of intent on HCA, Inc. ("HCA"), for the HCA Defendants, on April 4, 2015. He contended that his obligation to submit a verified written medical expert opinion (required by section 766.203(2)) was inapplicable because of HCA's failure to provide relevant medical records to him within ten days, as required by section 766.204(1), waiving the requirement of written medical corroboration (section 766.204(2)). The sole attachment was the autopsy report stating that Ms. Thornton's cause of death was "undetermined."

The trial court conducted a two-hour hearing to afford Mr. Manzaro an opportunity to demonstrate that he conducted a good faith investigation and that he has a reasonable basis for the claims in the Complaint. The court concluded that Mr. Manzaro failed to fulfill these requirements:

> The Certificate of Death asserts that the decedent died of natural causes. The autopsy report of Plaintiff's expert is inconclusive. There is no corroborating expert affidavit. The Miami-Dade State

4

Attorney's Office has to date declined to proceed with charges against anyone related to this matter for homicide.

The trial court also found that there were "scant further details among the facts to explain the actual proximate cause of the wrongful death alleged," and that "It is not at all clear what these doctors and hospitals did or failed to do that constitutes a breach of the standard of care that resulted in wrongful death." Concluding again that the applicable two-year statute of limitations had already run, the court dismissed the Complaint with prejudice as to the HCA Defendants as well.

Mr. Manzaro appealed as to all three orders of dismissal with prejudice.

II.    Analysis

As is the case with any complaint dismissed with prejudice, our review is de novo. We assume all of the factual allegations in Mr. Manzaro's Complaint to be true and construe all reasonable inferences from those allegations in his favor. United Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So. 3d 1101, 1103-04 (Fla. 3d DCA 2010).

In cases involving allegations of medical malpractice by health care providers, however, there are additional threshold, objective, statutory requirements within Chapter 766, Florida Statutes, which must be satisfied if the case is to proceed. See Williams v. Campagnulo, 588 So. 2d 982, 983 (Fla. 1991);

5

Ragoonanan v. Assocs. In Obstetrics & Gynecology, 619 So. 2d 482, 484 (Fla. 2d DCA 1993).

The trial court properly concluded that there was no reasonable basis for Mr. Manzaro's claims of medical malpractice against these eight defendants, and that there was a failure to comply with the statutory pre-suit requirements for investigation, corroboration, and written notice. Largie v. Gregorian, 913 So. 2d 635 (Fla. 3d DCA 2005). Finally, the trial court's conclusion that the Complaint lacked any cognizable allegations to establish a tolling of the statute of limitations further warranted the dismissal with prejudice.

The three orders of dismissal with prejudice are affirmed.