PER CURIAM.
The Civil Rules Committee of The Florida Bar has proposed the appended “Florida Medical Malpractice Presuit Screening Rules” which apply to the procedures prescribed by Section 768.57, Florida Statutes (Supp.1986). After full consideration of the recommendations of the Civil Rules Committee and the comments of interested members of the Bar, we adopt the proposed rule, which will become effective upon the filing of this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
1.650 FLORIDA MEDICAL MALPRACTICE PRESUIT SCREENING RULES
(a) Scope of Rules.
These rules apply only to the procedures prescribed by Section 768.57, Florida Statutes, 1986 Supplement, for presuit screening of claims for medical malpractice. These rules shall be known as Florida Medical Malpractice Presuit Screening Rules.
(b) Notice to Prospective Defendants.
(1) Notice of intent to initiate litigation sent by certified mail to and received by any prospective defendant shall operate as notice to said defendant and any other prospective defendant who bears a legal relationship with the prospective defendant receiving the notice.
(2) The notice shall include the names and addresses of all other parties and shall be sent to each party.
(3) The court shall decide the issue of receipt of notice when raised in a motion to dismiss or to abate an action for medical malpractice.

(c)Discovery.

(1) Methods. Upon receipt by a prospective defendant of a notice of intent to initiate litigation, the parties may obtain pre-suit screening discovery by one or more of the following methods: unsworn statements upon oral examination; production of documents or things; and physical examinations. Unless otherwise provided in this rule, the parties shall make discoverable information available without formal discovery. Evidence of failure to comply with this rule may be grounds for dismissal of claims or defenses ultimately asserted.
(2) Procedures for Conducting Presuit Screening Discovery.
(A) Unsworn statements — The parties may require other parties to appear for the taking of an unsworn statement. Such statements shall only be used for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the unsworn statement of any party shall give reasonable notice in writing to all parties. The notice shall state the time and place for taking the statement and the name and address of the party to be examined. Unless otherwise impractical, the examination of any party shall be done at the same time by all other parties. Any party may be represented by counsel at the taking of an unsworn statement. Statements may be electronically or stenographically recorded, or recorded on video tape.
The taking of unsworn statements is subject to the provisions of Rule 1.310(d), Florida Rules of Civil Procedure and may be terminated for abuses. If abuses occur by either party, such abuses shall serve as evidence of failure of that party to comply with the good faith requirements of Section 768.57, Florida Statutes, 1986 Supplement.
(B) Documents or things — At any time after receipt by a prospective defendant of a notice of intent to initiate litigation, any *960 party may request discoverable documents or things. Said documents or things shall be produced at the expense of the requesting party within twenty (20) days of the date of receipt of the request. A party is required to produce discoverable documents or things within that party's possession or control.
Copies of documents produced in response to the request of any party shall be served upon all other parties. The party serving the documents or his attorney shall identify, in certificate of service accompanying the documents, the name and address of the parties upon whom the documents were served, the date of service, the manner of service, and the identity of the document served.
Failure of a party to comply with the above time constraints will not relieve that party of its obligation under the statute, but shall serve as evidence of failure of that party to comply with the good faith requirements of Section 768.57, Florida Statutes, 1986 Supplement.
(C) Physical examinations — Upon receipt by a prospective defendant of a notice of intent to initiate litigation and within the presuit screening period, a prospective defendant may require a claimant to submit to a physical examination. The defendant shall give reasonable notice in writing to all parties as to the time and place of the examination.
Unless otherwise impractical, a claimant shall be required to submit to only one examination on behalf of all prospective defendants. The practicality of a single examination shall be determined by the nature of the claimant’s condition as it relates to the liability of each prospective defendant.
The report of examination shall be made available to all parties upon payment of the reasonable cost of reproduction. Such report shall not be provided to any uninvolved party at any time. Such report shall only be used for the purpose of pre-suit screening and the examining physician may not testify concerning the examination in any subsequent civil action for any purpose.
All requests for physical examinations or notices of unsworn statements shall be in writing and a copy served upon all parties. Such requests or notices shall bear a certificate of service identifying the name and address of the person upon whom the request or notice is served, the date of the request or notice and the manner of service.
(3) Generation of Work Product.
Work product generated by the presuit screening process which is subject to exclusion in a subsequent proceeding is limited to verbal or written communications which originate pursuant to the presuit screening process.
(d) Time Requirements.
(1) The Notice of Intent to Initiate Litigation shall be served by certified mail, return receipt requested, prior to the expiration of any applicable statute of limitations. If an extension has been granted under Section 768.495(2), Florida Statutes, 1986 Supplement, or by agreement of the parties, the notice shall be served within the extended period.
(2) Action may not be filed against any defendant until ninety (90) days after the Notice of Intent to Initiate Litigation was mailed to that party. If the defendant is the State of Florida or any subdivision thereof subject to Section 768.29(6)(a) of the Florida Statutes, then suit may not be filed against that defendant until one hundred eighty (180) days after the Notice of Intent to Initiate Litigation was mailed to that party. However, suit may be filed against any party at any time after the Notice of Intent to Initiate Litigation has been mailed upon receipt by claimant from that party of a written rejection of the claim.
(3) To avoid being barred by the applicable statute of limitations, suit must be filed within sixty (60) days or within the remainder of the time on the statute of limitations at the time the Notice of Intent to Initiate Litigation was mailed, whichever is greater, after the earliest of the following:
*961 (A) The expiration of ninety (90) days after the date of mailing of the Notice of Intent to Initiate Litigation; or
(B) The expiration of one hundred eighty (180) days after mailing of the Notice of Intent to Initiate Litigation if the claim is controlled by Section 768.28(6)(a) of the Florida Statutes; or
(C) Receipt by claimant of a written rejection of the claim; or
(D) The expiration of any extension of the ninety (90) day presuit screening period stipulated to by the parties in accordance with Section 768.57(4) of the Florida Statutes.