559 So.2d 701 (1990)
Patricia BARTLEY, Appellant,
v.
Stanley E. ROSS and Richard J. Staller, Appellees.
Nos. 88-3372, 89-0348.
District Court of Appeal of Florida, Fourth District.
April 11, 1990.
Rehearing Denied May 17, 1990.
Durwood A. Hunter, Lake Worth, for appellant.
Steven R. Berger of Wolpe, Leibowitz, Berger & Brotman, Miami, and Peterson & Bernard, West Palm Beach, for appellee-Stanley E. Ross.
Cathy L. Kasten of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for appellee-Richard J. Staller.
GARRETT, Judge.
Appellant seeks review of the trial court's order dismissing her second amended complaint.
In August of 1986, appellant served appellees (both dentists) with notice of intent to initiate litigation for negligent dental care. About two months later, appellees' insurer wrote appellant's counsel and acknowledged receipt of the notice and requested that he furnish copies of any and all materials supporting appellant's claim. None of the requested information was furnished. In January of 1987, appellees' insurer again wrote to appellant's counsel and advised that if the requested information was not received within thirty days its claim file would be closed. The letter also noted that appellant's counsel had been furnished appellant's dental charts. About one year and three months later, appellant wrote the insurer and enclosed the medical chart of appellant's most recent treating dentist, several dental bills from other dentists and x-rays. Sometime later in 1988, appellant filed a complaint against appellees alleging she discovered the dental malpractice in February of 1986. Appellees filed separate but similar verified motions to dismiss appellant's second amended complaint on the ground that appellant failed to provide discovery pursuant to section 768.57(6), Florida Statutes (Supp. 1986). At the November 1988 hearing on appellee *702 Ross's motion to dismiss, when asked what was done in response to appellees' request for information, appellant's counsel replied, "I didn't do anything... ." The trial court granted the motion to dismiss filed by each appellee and dismissed the complaint. After denial of appellant's motion for rehearing this appeal was filed.[1]
Section 768.57(3)(a), Florida Statutes (Supp. 1986), of the Comprehensive Medical Malpractice Reform Act of 1985, Chapter 85-175, Laws of Florida, applicable to any cause of action not filed prior to October 1, 1985, reads in pertinent part:
No suit may be filed for a period of 90 days after notice is mailed to the prospective defendant, .... During the 90-day period, the prospective defendant's insurer ... shall conduct a review to determine the liability of the defendant.
Section 768.57(6), Florida Statutes (Supp. 1986), also applicable to any cause of action not filed prior to October 1, 1985, reads:
Upon receipt by a prospective defendant of a notice of claim, the parties shall make discoverable information available without formal discovery. Failure to do so is grounds for dismissal of claims or defenses ultimately asserted.
(emphasis added).
We find appellant's arguments as to the constitutionality of section 768 and the applicability of rule 1.650, Florida Rules of Civil Procedure (effective September 29, 1988), In re Medical Malpractice Presuit Screening Rules-Civil Rules of Procedure, 531 So.2d 958 (Fla.), revised, 536 So.2d 193 (Fla. 1988), to be without merit. The supreme court adopted rule 1.010, Florida Rules of Civil Procedure, to permit the legislature to prescribe the form, content, procedure, and time for pleading in special statutory proceedings. 13 Fla. Jur.2d Courts and Judges § 168 (1979). The Comprehensive Medical (Dental) Malpractice Act is a special statutory proceeding. If rule 1.650 were applied retroactively, it would still not relieve appellant from the discovery obligation or protect her from the sanctions.
We affirm. Our review is limited to whether the trial court abused its discretion in dismissing the second complaint for appellant's complete failure to comply with pre-suit discovery procedures. We find no such abuse of discretion. To hold otherwise would totally emasculate the section 768.57(3)(a) dismissal sanction. The viability of the sanction, the only one provided for by the statute, was recognized by this court in Lindberg v. Hospital Corp., 545 So.2d 1384 (Fla. 4th DCA 1989):
However, we note that under section 768.57(3)(a) "unreasonable failure of any party to comply with this section justifies dismissal of claims or defenses." Thus, there is a remedy still available as a sanction to a party who simply refuses to comply with a pre-suit screening process.

Id. at 1388 (emphasis added).
AFFIRMED.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Apparently the applicable two year statute of limitations prevented appellant from re-filing her complaint. § 95.11(4)(b), Fla. Stat. (Supp. 1986).