566 So.2d 571 (1990)
Earl DRESSLER and Doris Dressler, His Wife, Appellants,
v.
BOCA RATON COMMUNITY HOSPITAL, et al., Appellees.
No. 89-0220.
District Court of Appeal of Florida, Fourth District.
August 29, 1990.
Rehearing Denied October 2, 1990.
*572 Russell S. Bohn of Edna L. Caruso, P.A., West Palm Beach, and William deForest Thompson, Fort Lauderdale, for appellants.
Susan M. Seigle and Bruce M. Ramsey of Gay, Ramsey & Lewis, P.A., West Palm Beach, for appellee-Boca Raton Community Hosp.
William J. Miller, Jr. and Richard B. Collins of Collins, Dennis & Truett, P.A., Tallahassee, for amicus curiae Florida Defense Lawyers Ass'n.
DELL, Judge.
Earl and Doris Dressler appeal from an order of dismissal and final judgment in favor of appellee, Boca Raton Community Hospital. Appellants challenge the constitutionality of section 768.57, Florida Statutes (1985)[1] and also claim that the trial court abused its discretion in dismissing their action for failure to comply with the statute's presuit discovery requirements. We affirm.
Pursuant to section 768.57, appellants notified appellee of their intent to initiate litigation for medical malpractice. Appellee then served a request for presuit discovery. Appellants responded to four of the requests, objected to nine and made no response to the request for a medical authorization form. Appellants' counsel did not respond to telephone calls and letters asking him to reevaluate his objections to the following requests for information:
3. A brief statement outlining the way Boca Raton Community Hospital deviated from the standard of care. [Objection: "work product"].
5. A list of the names, addresses and specialties of all hospital, doctors and other health-care providers seen by the claimant over the past ten years prior to the incident for which notice of intent to sue was given. [Objection: "irrelevant, immaterial and overbroad"].
6. Copies of all medical, psychiatric and hospital records, including where appropriate, X-Rays, pertinent to the incident for which notice of intent to sue was given. [Objection: "overbroad, irrelevant and overbroad [sic]"].

*573 8. The names and addresses of any insurance carriers responsible for the payment of medical bills incurred as a result of the alleged incident with a list of all claimed medical expenses covered by insurance indicating the extent to which covered. [Objection: "irrelevant and immaterial"].
Their response consisted of only basic personal data regarding Earl Dressler,[2] the names of the other defendants and a partial listing of appellants' subsequent health care providers. After appellants filed suit, appellees moved to dismiss based upon appellants' failure to cooperate with the presuit screening process as required by section 768.57. The trial court granted appellees' motion and entered final judgment in its favor.
We find Lindberg v. Hospital Corporation of America, 545 So.2d 1384 (Fla. 4th DCA 1989), in which this court upheld the constitutionality of section 768.57, to be dispositive of appellants' contention that the statute is unconstitutional.
Appellants also contend that the trial court abused its discretion when it dismissed their complaint for failure to comply with section 768.57. Appellants argue that they acted reasonably in refusing to answer appellees' requests and that their refusal did not prejudice appellants.
As part of the Comprehensive Medical Malpractice Reform Act of 1985, Chapter 85-175, Laws of Florida, the purpose of section 768.57 was "to encourage pretrial settlement of meritorious claims in order to avoid expensive litigation and further increases in medical malpractice insurance premiums." Pinellas Emergency Mental Health Services, Inc. v. Richardson, 532 So.2d 60, 62 (Fla. 2d DCA 1988); citing MacDonald v. McIver, 514 So.2d 1151 (Fla. 2d DCA 1987). In Pinellas, the Second District Court of Appeal held that:
Although the statutory language in Section 768.57(3)(a) implies mandatory compliance, we think the legislature by including the word "unreasonable" intended that this mandate be exercised in a reasonable manner. Therefore, we think subsection (3)(a) should not be interpreted to mean that in every instance where a party does not cooperate with the insurer or self-insured in good faith, the party's claim or defenses must be dismissed as a matter of law. Rather, dismissal is subject to the discretion of a trial court after considering whether the prospective defendant acted unreasonably in fulfilling the statutory duty to cooperate with the insurer's presuit investigation in good faith.
Id. at 63 (emphasis in original).
Pinellas makes it clear that trial courts have discretion to determine whether a party, who has refused to comply with presuit discovery, "acted unreasonably in fulfilling the statutory duty to cooperate with the insurer's presuit investigation in good faith." Pinellas at 63 (emphasis in original). Thus, contrary to appellants' argument, a party having been denied presuit discovery need only show that the other party acted unreasonably and is not required to show prejudice. Here the trial court heard argument of counsel, considered the nature of the information requested and the substance of appellants' objections and determined that appellants had acted unreasonably. In our view, the trial court applied the proper standard when reviewing the failure to provide presuit discovery as evidenced by the following excerpt:
THE COURT: Counsel, it would appear to me that the purpose of this statute was to enable litigants to a case to properly evaluate a party's case before the filing and the extensive litigation and the costs thereof could arise. When you look at the purpose of it, to permit such a reply to request to produce as I have observed here, at least to this court, appears to be unreasonable. Let me give you a few comments regarding that.
I realize that when one has to determine reasonable versus unreasonable, that there can be a great deal of disagreement amongst lawyers and courts as to what reasonable may be. However, *574 I look at request to produce number 3. A brief statement outlining the way Boca Raton Community Hospital deviated from the standard of care. Under the statute it said you should have a medical opinion that justifies what you are doing. Just to say that this is work product, I am sorry. They have notified the hospital they are going to sue them and they are going to sue them for medical negligence. Why? I think the hospital was entitled to know. I think that clearly was unreasonable. (emphasis added).
The record shows that appellants provided absolutely no information concerning the manner in which appellee had deviated from the standard of care. Neither the basis for appellants' suit nor insight into the unanswered questions could be gleaned from appellants' response. Appellants' objections and the perfunctory information furnished failed to provide adequate information for appellee to evaluate the merits of appellants' claim, precluded any possibility of fruitful negotiation and frustrated the spirit and intent of the statute. Therefore, we hold that the trial court did not abuse its discretion when it dismissed appellants' complaint.
Finally, appellants contend that the statute lacks a provision for presuit review of a plaintiff's objections to discovery. This issue, however, is one which must be addressed by our legislature.
Accordingly, we affirm the trial court's order dismissing appellants' complaint.
AFFIRMED.
DOWNEY and GUNTHER, JJ., concur.
NOTES
[1] Section 768.57 has been renumbered and is now section 766.106, Florida Statutes (Supp. 1988).
[2] Appellants provided Earl Dressler's name, address, date of birth and social security number.