675 So.2d 1032 (1996)
Renee P. MELANSON, Appellant,
v.
Bansidas M. AGRAVAT, M.D., Appellee.
No. 95-4113.
District Court of Appeal of Florida, First District.
July 2, 1996.
*1033 Dean C. Kowalchyk, Tallahassee, for Appellant.
Marjorie M. Cain of Fuller, Johnson & Farrell, P.A., Tallahassee, for Appellee.
PER CURIAM.
This is an appeal from a final order dismissing appellant's complaint for the unreasonable failure to comply with a presuit discovery request. We affirm.
On August 11, 1993, Melanson served on Agravat a notice of intent to initiate a medical malpractice action against him. See § 766.106(2), Fla. Stat. On August 23, 1993, Agravat sought informal presuit discovery through a written request to produce. See § 766.106(7), Fla. Stat. After a month passed, and no response was forthcoming, Agravat followed up with a letter urging a response to his request. When no response was provided, Agravat allegedly investigated as best he could and denied the claim in late October, 1994, about two weeks before the expiration of the ninety day period. Apparently appellant sought a stipulation to extend the ninety days, as permitted by statute, see § 766.106(4), Fla. Stat., but Agravat would not agree to do so. The alleged reason for the attempt to gain further time to respond was that Melanson was in Tampa and would not be coming to Tallahassee to meet with her attorney until mid-December. The ninety days expired in mid-November. None of the information requested was provided to Agravat.
In September, 1994, Melanson attempted to reinitiate the ninety day presuit period by filing a second notice of intent. Agravat denied the claim without seeking presuit discovery, and appellant, for the first time, filed her complaint for medical malpractice. Agravat moved to dismiss her complaint for unreasonable failure to comply with presuit discovery. After hearing, the trial court granted the motion to dismiss, finding that the reason given for non-compliance with presuit discoverythat Melanson would not be coming to Tallahassee until mid-Decemberwas not reasonable, especially when counsel for Agravat advised her attorney that she would not stipulate to an extension of time. The trial court noted that this was not a case in which the discovery was provided two or three months late, or the information provided was insufficient; rather, in this case no information was provided in response to the discovery request. The trial court further noted that the failure to respond precluded any possibility of fruitful negotiation and frustrated the spirit of the statute.
Appellant first challenges the finding that the failure to comply with presuit discovery was unreasonable, and second, contends there is nothing in the language of the statute to preclude filing a second notice of intent, and that the filing of the second notice cured any defect in the earlier proceedings. As to the first issue, we find no abuse of discretion in the determination that the failure to comply with presuit discovery was unreasonable. Having reviewed the discovery request, we see no reason why appellant could not have provided at least some of the information requested within the time provided. The trial court's ruling is also supported by the case law. See Dressler v. Boca Raton Community Hospital, 566 So.2d 571 (Fla. 4th DCA 1990), and Bartley v. Ross, 559 So.2d 701 (Fla. 4th DCA 1990). Wainscott v. Rindley, 610 So.2d 649 (Fla. 3d DCA 1992), and George A. Morris, III, M.D., P.A. v. Ergos, 532 So.2d 1360 (Fla. 2d DCA 1988), are distinguishable.[1]
Appellant's contention that the failure to comply with the presuit discovery request can be cured by giving a second notice of intent and reinitiating the entire process makes this case unique. In rejecting this argument, we are cognizant that "when possible the presuit notice and screening statute should be construed in a manner that favors access to the courts," Patry v. Capps, 633 So.2d 9, 13 (Fla.1994), and that "restrictions on access to the courts must be construed in a manner that favors access," Weinstock v. Groth, 629 So.2d 835, 838 (Fla. *1034 1993). We also recognize that the failure to give notice of intent before filing suit, or the failure to provide a corroborating expert medical opinion along with the notice of intent, may be cured following dismissal of a complaint, provided the limitations period has not yet run. See Hospital Corp. of America v. Lindberg, 571 So.2d 446 (Fla. 1990); Archer v. Maddux, 645 So.2d 544 (Fla. 1st DCA 1994). The courts have warned, however, that the "`presuit notice and screening requirements ... represent more than mere technicalities,'" Archer, 645 So.2d at 546, citing Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991), and that "`willful noncompliance with the presuit screening process can ... result in dismissal.'" Archer, 645 So.2d at 547, citing Lindberg, 571 So.2d at 449.
During the ninety day presuit screening period the limitations period is tolled. We detect no intent to permit a second tolling of that period. If there were a reasonable explanation for the failure to comply, there would be no need to attempt to reinitiate the entire process, as the claim would not be dismissed.[2] We agree with the trial court that the procedure appellant advocates would frustrate the purpose of obtaining prompt resolution of the claim. We do not believe the statute can reasonably be read to permit a second notice to be given following an unreasonable failure to comply with a discovery request resulting from the first notice of intent.
AFFIRMED.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] As appellee suggests, had some information been provided shortly after the mid-December meeting, this case might be more like Wainscott.
[2] Some courts have stated that even if conduct is found to be unreasonable, dismissal is not necessarily required. See Ragoonanan v. Associates in Obstetrics & Gynecology, 619 So.2d 482 (Fla. 2d DCA 1993), citing Wainscott v. Rindley, 610 So.2d 649 (Fla. 3d DCA 1992); but see Plemendon v. Fernandez, 602 So.2d 1379 (Fla. 4th DCA 1992)(Farmer, J., dissenting: "[t]he only reasonable construction of what the legislature has set down on paper is that the utter failure to do anything at all is unreasonable.").