806 So.2d 583 (2002)
Justin POPPS, individually and as Personal Representative of the Estate of Elizabeth V. Popps, deceased, Appellant,
v.
Richard FOLTZ, M.D. and Neurological Associates, P.C., Appellees.
No. 4D01-509.
District Court of Appeal of Florida, Fourth District.
January 30, 2002.
*584 Gary M. Farmer, Jr. and Adam G. Rabinowitz of Gillespie, Goldman, Kronengold & Farmer, P.A., Fort Lauderdale, and Harry Ingleson of Lyon, Ingelson & Donoghue, Petoskey, Michigan, for appellant.
Esther E. Galicia of George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens, Fort Lauderdale, for appellees.

CORRECTED OPINION
KLEIN, J.
The opinion issued in this case on December 19, 2001 is withdrawn, and the following opinion is substituted in its place.
Appellant plaintiff, as personal representative of the estate of his deceased wife, brought this medical malpractice action against appellees alleging that his wife died as a result of their negligence. The trial court dismissed the action for failure to comply with statutory presuit procedures. We reverse.
Plaintiff sent defendants a first notice of intent to initiate a malpractice action, but did not support the notice with an expert's affidavit. Nor did he respond to defendants' several requests for discovery. Approximately four months after receiving the first notice of intent, defendants denied the claim.
About five months after defendants denied the claim, and before the statute of limitations had run, plaintiff sent defendants a second notice of intent accompanied by the affidavit of a neurosurgeon. Shortly after that, plaintiff gave the unsworn statement contemplated by section 766.106(7)(a), Florida Statutes (1997). Defendants then asked for additional discovery, but a few days later rejected the claim on the basis that defendants' own expert concluded there was no malpractice.
The trial court dismissed the complaint with prejudice because plaintiff failed to comply with presuit procedures. Because plaintiff did everything he was supposed to do after filing the second notice of intent, the issue is whether the ultimate sanction, dismissal with prejudice, is justified based on plaintiffs' failure to comply after sending the first notice of intent. The standard of review is abuse of discretion. Bartley v. Ross, 559 So.2d 701 (Fla. 4th DCA 1990).
Defendants argue that the ultimate sanction imposed by the trial court is supported *585 by Melanson v. Agravat, 675 So.2d 1032 (Fla. 1st DCA 1996). In Melanson the plaintiff sent a first notice of intent but failed to respond to discovery requests and then filed a second notice, after which the defendant denied the claim. The trial court dismissed because plaintiff failed to comply with discovery requests, and the first district affirmed. It does not appear from the opinion in Melanson that the plaintiff filed an affidavit of an expert or an unsworn statement, which was done in the present case. Melanson may also be distinguishable in that plaintiff was relying on a second ninety-day tolling period of the statute of limitations, and plaintiff in this case is not.
Nor do we agree that Bartley v. Ross, 559 So.2d 701 (Fla. 4th DCA 1990), also relied on by defendants, supports affirmance. In Bartley the plaintiff's counsel acknowledged to the court that he had done nothing in response to the defendant's request for information.
In Kukral v. Mekras, 679 So.2d 278 (Fla.1996), plaintiff was in partial, but not full compliance with presuit procedures, and the trial court dismissed, the effect of which was to permanently bar plaintiff's claim because the statute of limitations had run. The third district, sitting en banc, affirmed with a bare majority. Kukral, 647 So.2d 849 (Fla. 3d DCA 1994). The Florida Supreme Court reversed, holding that, although the presuit screening statute must be enforced, a litigant's constitutional right of access to the courts must also be preserved. Kukral, 679 So.2d at 284. The court cited George A. Morris III, M.D. P.A., v. Ergos, 532 So.2d 1360 (Fla. 2d DCA 1988)(striking a defendant doctor's defenses for failure to timely respond to presuit discovery was too harsh in the absence of prejudice to the plaintiff.) (Kukral, 679 So.2d at 284).
In De La Torre v. Orta, 785 So.2d 553, 555-56 (Fla. 3d DCA 2001), the defendant physician did not respond to the presuit request for records or a notice of intent because he incorrectly assumed that the claim was barred by the statute of limitations. The trial court struck defendant's pleadings, and the third district reversed, relying on Kukral. The De La Torre court was unwilling to affirm based on a pre-Kukral case because the issue of prejudice, discussed in Kukral, had not been addressed in that case. We agree with De La Torre that Kukral makes a dismissal more difficult to sustain.
In the present case, although plaintiff did not comply after the first notice of intent, he fully complied after the second notice up to the point that defendants denied the claim. Under Kukral and De La Torre dismissal was not warranted. We accordingly reverse.
POLEN, C.J., and STEVENSON, J., concur.