855 So.2d 1153 (2003)
Gina VINCENT, Appellant,
v.
Marc A. KAUFMAN, M.D., Appellee.
No. 4D02-777.
District Court of Appeal of Florida, Fourth District.
September 17, 2003.
Rehearing Denied October 27, 2003.
*1154 Amy D. Shield of Amy D. Shield, P.A., Boca Raton, and Frankel & Associates, P.A., Pompano Beach, for appellant.
William T. Viergever of Sonneborn Rutter Cooney & Klingensmith, P.A., West Palm Beach, for appellee.
SHAHOOD, J.
The trial court dismissed appellant's, Gina Vincent, medical malpractice action against Dr. Kaufman based on her failure to comply with statutory presuit discovery requirements. We reverse based on Kukral v. Mekras, 679 So.2d 278 (Fla.1996).
Vincent, a 34-year old female, was a patient of Dr. Kaufman, an OB/GYN, from July 1997 to June 1999. She had a long history of pelvic pain, endometriosis, pelvic adhesions and a ruptured ovarian cyst which resulted in the removal of her right ovary. Due to left ovarian cysts, Dr. Kaufman, in November 1998, performed a laparoscopy which resulted in the removal of Vincent's left ovary and fallopian tube. Vincent maintained that this procedure caused her to go into surgical menopause and that Dr. Kaufman deviated from acceptable medical standards by failing to obtain the necessary consent to the procedure and by failing to fully disclose the nature and extent of the proposed surgery or explore other avenues of treatment.
On February 2, 2001, Vincent gave notice of her intent to file a medical malpractice action against Dr. Kaufman. This notice was accompanied by an affidavit by her medical expert, internist Dr. Marchione. On February 14, 2001, Mary Jo Davi, the medical malpractice insurer's claims adjuster, sent Vincent a letter indicating receipt of the notice of intent and requesting certain presuit discovery in order to evaluate her claim. On May 2, 2001, Davi sent Vincent's counsel, Ken Frankel, a letter rejecting her claim. Davi stated that Vincent had not complied with the disclosure requirements during the presuit period. Davi further stated that the matter was investigated and reviewed by an expert who rendered an opinion of no negligence. On May 7, 2001, Vincent hand-delivered her response to the presuit discovery requests, including medical records requested. On June 27, 2001, Vincent filed her medical malpractice action.
Dr. Kaufman moved to dismiss the complaint on grounds that Vincent failed to comply with the medical malpractice requirements under Chapter 766 by not responding to his request for production *1155 during the 90-day presuit investigation period.
By the time of the hearing on the motion to dismiss, the statute of limitations had run, but it had not run when discovery was furnished on May 7, 2001. Frankel claimed that there were some difficulties in accumulating all of Vincent's medical records from various locations and that prior to the expiration of the 90-day period, his office had communications with Mary Jo Davi in which Davi was told that they might be a little late in providing all of the information. Davi allegedly told Frankel that was not a problem. As such, Vincent's discovery response was delivered a few days late.
Because the alleged agreement with the claims examiner was not in writing, the court agreed to defer ruling on the motion to dismiss and hold an evidentiary hearing on the limited issue of whether there was in fact an agreement to extend the presuit investigation period.
At the evidentiary hearing, Davi testified that she did not speak with anyone from Frankel's office and did not agree to extend the deadline for the presuit discovery. After hearing argument, the court dismissed Vincent's case with prejudice on the grounds that dismissal was mandatory under section 766.205, Florida Statutes, if there was a failure to comply with presuit requirements.
Section 766.205, Florida Statutes (2001), provides:
(1) Upon the completion of presuit investigation pursuant to s. 766.203, which investigation has resulted in the mailing of a notice of intent to initiate litigation in accordance with s. 766.106, corroborated by medical expert opinion that there exist reasonable grounds for a claim of negligent injury, each party shall provide to the other party reasonable access to information within its possession or control in order to facilitate evaluation of the claim.
(2) Such access shall be provided without formal discovery, pursuant to s. 766.106, and failure to so provide shall be grounds for dismissal of any applicable claim or defense ultimately asserted.
Section 766.106(3)(a) provides that no medical malpractice action may be filed for a period of 90 days after notice is mailed to any prospective defendant. During the 90 day period, the prospective defendant's insurer or self-insurer shall conduct a review to determine the liability of the defendant.
The standard for reviewing a dismissal for failure to comply with presuit procedures in a medical malpractice action is abuse of discretion. See Popps v. Foltz, 806 So.2d 583, 584 (Fla. 4th DCA 2002).
Dr. Kaufman argues that the failure to provide discovery within the 90-day period warrants dismissal of the subsequently filed complaint. We disagree based on Kukral v. Mekras, 679 So.2d 278 (Fla.1996).
In Kukral, the plaintiffs were in partial, but not full compliance with presuit procedures. Plaintiffs' notice of intent had not been accompanied by a verified written medical expert opinion. After denial of the claim by defendants, the plaintiffs sent an unverified medical expert opinion, and then subsequent thereto, a verification of that opinion. The trial court dismissed plaintiffs' claim, the effect of which was to permanently bar plaintiffs' claim because the statute of limitations had run. The Third District affirmed; however, the Florida Supreme Court reversed, holding *1156 that, although the presuit screening statute must be enforced, a litigant's constitutional right of access to the courts must also be preserved. See id. at 284.
The Kukral court explained that Chapter 766 sets out a complex presuit investigation procedure that both the claimant and the defendant must follow before a medical negligence claim may be brought in court. See id. at 280. A claimant must first determine whether reasonable grounds exist to believe that someone acted negligently in the claimant's care or treatment and that this negligence caused the claimant's injury. See id. Upon receipt of the notice of intent, the defendant has 90 days to conduct its own presuit investigation. During this time, the claimant may not file suit. See id. Before the defendant may deny the claimant's reasonable grounds for finding medical negligence, the defendant must provide the claimant with a verified written medical expert opinion corroborating a lack of reasonable grounds to show a negligent injury. See id. at 280-81. Informal presuit discovery takes places after the notice of intent is issued and the unreasonable failure of any party to comply with informal discovery may justify dismissal of that party's claim. See id. at 281.
The Kukral court specifically rejected the lower court's holding that the plaintiffs' initial failure to strictly comply with the presuit requirements of the statute prior to filing their notice of intent to sue was fatal to their claim, regardless of any subsequent compliance with the statute's requirements prior to the expiration of the limitations period. See id. at 282. In fact, the high court held to the contrary, that the failure to comply with the presuit requirements of the statute is not necessarily fatal to a plaintiff's claim so long as compliance is accomplished within the two-year limitations period provided for filing suit. See id. at 283. In that case, all of the parties had engaged in pretrial discovery and had a full and fair opportunity to investigate the claim prior to the initiation of the suit and within the statute of limitations period. The court held by the time presuit discovery was concluded, all requirements of the statute had been met and any potential prejudice to the defendants of having to defend against a frivolous suit had been eliminated. See id. at 284. This determination was in keeping with its conclusion that the medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen's constitutionally guaranteed access to the courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits. See id.
In De La Torre v. Orta, 785 So.2d 553 (Fla. 3d DCA), review denied, 805 So.2d 808 (Fla.2001), the defendant physician did not respond to the presuit request for records or a notice of intent because he incorrectly assumed that the claim was barred by the statute of limitations. The trial court struck his pleadings and the Third District reversed based on Kukral. The court held that the striking of the defendant's defenses for failure to timely respond to presuit discovery requests was too harsh a remedy in the absence of prejudice to the plaintiff. See id. at 556. See also Popps, 806 So.2d at 585 (under Kukral and De La Torre, dismissal of medical malpractice action for failing to comply with statutory presuit procedures was not warranted; although plaintiff did not comply with presuit procedures after his first notice of intent, he fully complied after his second notice of intent).
In this case, the dismissal of Vincent's medical malpractice action due to her failure to comply with presuit discovery requests within the 90-day period, the effect *1157 of which permanently barred her claim since the statute of limitations had since run, was not warranted where there was no prejudice to the defendant doctor.
While Vincent did not provide the requested documents within the 90-day period, she provided the requested documents five days later. It is quite apparent from the record that Dr. Kaufman's expert reviewed most of the same documents utilized by Vincent's expert in fashioning his opinion letter rejecting her claim of liability. Further, Vincent's compliance with the presuit discovery request took place prior to the running of the statute of limitations and prior to her filing suit. Thus, compliance was accomplished within the limitations period for filing suit. In keeping with Kukral, all of the requirements of the statute had been met and any potential prejudice to the defendants of having to defend against a frivolous suit had been eliminated.
REVERSED AND REMANDED WITH DIRECTIONS THAT APPELLANT'S AMENDED COMPLAINT BE REINSTATED.
FARMER, C.J., and KLEIN, J., concur.