PER CURIAM.
Appellants, Janet and Wayne Creel, challenge a final summary judgment find *604 ing that the statute of limitations expired prior to the filing of their complaint alleging medical malpractice against appellee, Dr. Flora J. Danisi. The parties agree the statute of limitations began to run on May 22, 2000, when Dr. Danisi performed cosmetic surgery on Janet Creel, and the Creels filed their complaint on October 14, 2002. The Creels, through their present counsel, argue that the trial court erred in concluding that a letter sent by their former attorney to Dr. Danisi in September 2001 constituted a notice of intent under the applicable statutes in chapter 766, Florida Statutes (1999).
We review this issue de novo and find that the trial court properly concluded that the September 2001 letter constituted a notice of intent. The letter stated, in its first paragraph:
This letter is to inform you that I have the privilege of representing Janet Creel for injuries she sustained as a result of your negligence on May 22, 2000. I am notifying you in accordance with Florida Statute Section 766.203 that she intends to pursue a medical malpractice action against you arising out of the injuries sustained on May 22, 2000.
This language clearly and plainly indicates that the purpose of the letter is to inform Dr. Danisi that Janet Creel intends to sue for medical malpractice. Although, as argued by the Creels, the letter contains other information at the end regarding a proposal for settlement, that information does not change the character of the letter.
The letter’s status as a notice of intent affects the applicable statute of limitations. Section 766.106(4), Florida Statutes (1999), provides:
The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
The Florida Supreme Court has indicated that “the two-year statute of limitations under section 95.11(4)(b) is suspended (‘tolled’) for ninety days under section 766.106(4) and any extended time agreed to by the parties” under this section and “the ninety-day tolling provision of section 766.106(4) applies to all cases regardless of when the notice of intent is filed.” Hankey v. Yarian, 755 So.2d 93, 97-99 (Fla.2000). “The time of suspension provided under the tolling provision of section 766.106(4) is merely a ‘time out’ that the prospective claimant was allotted by the Legislature that is not to be counted against the two-year limitations period.” Id. at 100. Accordingly, once a claimant timely files a notice of intent, he or she automatically has an additional ninety days after the expiration of the statute of limitations to file suit. Contrary to the implication of the Creels’ argument, the statute may not be tolled a second time by a subsequent notice of intent. Cf. Melanson v. Agravat, 675 So.2d 1032 (Fla. 1st DCA 1996).
In this case, in the absence of any notice of intent, the statute of limitations would have expired on May 22, 2002. Because the September 2001 letter constituted a notice of intent, the statute of limitations expired on August 20, 2002. As the Creels did not file their complaint until October 14, 2002, the trial court properly determined that the statute of limitations had expired at that point. As the trial court further determined, no genuine issue *605 exists as to a material fact in this case and Dr. Danisi was entitled to judgment as a matter of law. Accordingly, the trial court properly granted summary judgment.
AFFIRMED.
BARFIELD, KAHN and HAWKES, JJ., concur.