WALLACE, Judge,
Specially concurring.
I concur fully in the court’s opinion. I write separately to address a statement made by the circuit judge at the hearing on the motion for summary judgment. After correctly noting that genuine issues of material fact precluded the entry of summary judgment in favor of Mr. Wood on the presuit notice issue, the circuit judge remarked: “I think the specific relationship between [Steve Blicblum, M.D., P.A., and Mr. Wood] at all times in question is still up for the jury to decide.” (Emphasis added.) This statement has understandably caused Mr. Wood some concern.
Florida Rule of Civil Procedure 1.650(b)(3), which is applicable to the procedures prescribed by section 766.106 for presuit screening of medical malpractice claims, provides: “The court shall decide the issue of receipt of notice when raised in a motion to dismiss or to abate an action for medical malpractice.” (Emphasis added.) In suggesting that the issue of the Virgos’ compliance with the presuit notice requirements of section 766.106(2)(a) as to Mr. Wood was a jury question, the learned circuit judge obviously misspoke. The issue of the Virgos’ compliance with the presuit notice requirements is a matter that must be determined by the circuit court upon appropriate motion. See § 766.206(1); Martin Mem’l Med. Ctr., Inc. v. Berber, 984 So.2d 661, 663 (Fla. 4th DCA 2008); Duffy v. Brooker, 614 So.2d 539, 544-45 (Fla. 1st DCA 1993), disapproved on other grounds by Archer v. Maddux, 645 So.2d 544, 547 (Fla. 1st DCA 1994).
Notably, the Virgos do not contend that the presuit notice issue is a jury question. Instead, they observe that Mr. Wood never asked the circuit court to hold an evi-dentiary hearing on the issue of whether they had met the presuit requirements as to him. Upon appropriate motion made by Mr. Wood after remand, the circuit court should consider and determine this issue at an evidentiary hearing. See, e.g., Yocom v. Wuesthoff Health Sys., Inc., 880 So.2d 787 (Fla. 5th DCA 2004) (evidentiary hearing on the issue of whether the plaintiff had failed to provide a corroborating medical expert opinion for his medical malpractice claim within the time required); Vincent v. Kaufman, 855 So.2d 1153 (Fla. *432 4th DCA 2003) (evidentiary hearing on the issue of whether there was an agreement to extend the presuit period for plaintiffs medical malpractice claim).