# Third District Court of Appeal
## State of Florida

Opinion filed September 25, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0829
Lower Tribunal No. 17-14566
_____

**Mario Zequeira,**
Appellant,

vs.

**MMPB Group, LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Law Offices of Eddy Marban, and Edilberto O. Marban, for appellant.

Law Office of Lowell J. Kuvin, LLC, and Lowell J. Kuvin and Sundeep K. Mullick, for appellees.

Before FERNANDEZ,[1] GORDO and BOKOR, JJ.

_____

[1] Judge Fernandez did not participate in oral argument.

BOKOR, J.

Mario Zequeira appeals the dismissal with prejudice of his complaint for Florida Minimum Wage Act violations due to his failure to comply with a presuit notice requirement of section 448.110(6)(a), Florida Statutes. The trial court found that the claim was time-barred because Zequeira did not provide such notice until after the expiration of the statute of limitations. We agree that the complaint was properly dismissed for failure to comply with a condition precedent. While the pendency of a class-action complaint may toll the statute of limitations for unnamed putative class members seeking identical relief to file their claims, it does not toll the requirement for a named plaintiff such as Zequeira from complying with a condition precedent to filing suit. As more fully explained below, we affirm the trial court's dismissal of Zequeira's claim with prejudice.

## BACKGROUND

The original complaint was filed on June 16, 2017, by co-plaintiffs Alvin Santana and Jasler Sandoval. Zequeira was not named at the time. The complaint alleges that MMBP Group, LLC, the owner of the Villa Azur restaurant in Miami Beach, improperly controlled the tips of its employees and failed to pay tipped employees the minimum required wage. The complaint also sought certification of a class consisting of all tipped

2

employees who worked for the restaurant between June 2012 and May 2017.

Zequeira was first named as a representative plaintiff in the second amended complaint, filed March 29, 2018. The complaint alleged that Zequeira worked as a tipped employee for the restaurant between September 2013 and February 2015. The trial court denied class certification on October 28, 2019.

Subsequently, MMBP Group moved to dismiss. MMBP Group argued that Zequeira's failure to file presuit notice before filing a complaint warranted dismissal, and the notice filed July 27, 2021, outside the five-year statute of limitations provided for in section 95.11(2)(d), Florida Statutes, warranted dismissal with prejudice. In response, Zequeira argued that the statute of limitations was tolled while class certification was pending, relying on cases such as American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974).

The trial court agreed with MMBP Group and dismissed with prejudice as to Zequeira, finding that the statute of limitations expired in February 2020, five years after the termination of Zequeira's employment in February 2015, and the complaint could not be refiled because the presuit notice was

3

not delivered until July 27, 2021, after the expiration of the limitations period. This appeal followed.

**ANALYSIS**

This court reviews a trial court's order dismissing a complaint de novo. See, e.g., Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014). In reviewing such motion, the trial court is limited to the facts alleged in the four corners of the operative complaint, which must be presumed to be true and construed in the light most favorable to the non-moving party. Id. "A motion to dismiss a complaint based on the expiration of the statute of limitations should only be granted 'in extraordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law.'" Alexander v. Suncoast Builders, Inc., 837 So. 2d 1056, 1057 (Fla. 3d DCA 2002) (quoting in part Rigby v. Liles, 505 So. 2d 598, 601 (Fla. 1st DCA 1987)).

It is well-established that failure to comply with a statutory condition precedent to litigation is grounds for dismissal of a complaint. See, e.g., Tenet S. Fla. Health Sys. v. Jackson, 991 So. 2d 396, 399–400 (Fla. 3d DCA 2008) (finding that plaintiff's failure to comply with presuit notice and screening requirements for medical malpractice action required trial court to

4

dismiss complaint). Where the allegations in the complaint do not conclusively demonstrate that the action could not be refiled within the time allowed by the applicable statute of limitations, such dismissal should be without prejudice. See Wright v. Polk Cnty. Pub. Health Unit, 601 So. 2d 1318, 1319 (Fla. 2d DCA 1992). "Dismissal of the case with prejudice, however, is appropriate only if 'it is apparent that the plaintiff cannot fulfill the requirement'" to provide presuit notice within the required time. Id. (quoting in part Levine v. Dade Cnty. Sch. Bd., 442 So. 2d 210, 213 (Fla. 1983)); see also Melanson v. Agravat, 675 So. 2d 1032, 1034 (Fla. 1st DCA 1996) ("We also recognize that the failure to give notice of intent before filing suit . . . may be cured following dismissal of a complaint, provided the limitations period has not yet run.").

The presuit notice requirement at issue here, section 448.110(6)(a), provides in pertinent part:

> Any person aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section or a party violating subsection (5). **However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action.** The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

(emphasis added); see also id. (6)(b) ("The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved. The statute of limitations for bringing an action pursuant to this section shall be tolled during this 15-day period.").

The parties do not dispute that Zequeira provided no notice of intent to initiate litigation prior to the filing of the complaint naming him as a plaintiff (although, interestingly, the other named plaintiffs did provide such notice). Thus, we agree, and the parties do not contest, that dismissal was warranted where Zequeira did not comply with section 448.110(6)(a)'s mandate to provide presuit notice "prior to bringing any claim." See Nichols v. Lab'y Corp. of Am., 2014 WL 820656, at *3 (M.D. Fla. Mar. 3, 2014) ("The [Florida Minimum Wage Act] requires that prior to bringing a claim for unpaid wages pursuant to Fla. Stat. § 448.110, an aggrieved person must notify the employer in writing of an intent to initiate the action. . . . Failure to comply with the FMWA's pre-suit notice requirement will result in dismissal of the claim.").

The remaining issue turns on whether the dismissal should've been with or without prejudice. A claim under section 448.110 carries a five-year statute of limitations, measured from the time the last element constituting

6

the cause of action occurred. See § 95.11(2)(d), Fla. Stat. (providing that actions "alleging a willful violation of s. 448.110" must be brought within 5 years); § 95.031(1), Fla. Stat. ("A cause of action accrues when the last element constituting the cause of action occurs."). The latest time for accrual of Zequeira's claim, according to the allegations in the complaint, was February 2015, meaning that he would have to provide statutory notice within five years of that date.

Yet the second amended putative class action complaint, filed on March 29, 2018, named Zequeira as a plaintiff and putative class representative, prior to his filing of any required presuit notice. So now that Zequeira joined the complaint as a named plaintiff, his complaint was subject to dismissal for failure to comply with the presuit notice requirement. The parties also do not dispute that Zequeira did not provide the presuit notice required by section 448.110(6) until July 27, 2021, more than five years after the last act alleged to constitute the cause of action.

The question turns on the interplay between the tolling principle for class members to bring individual suits during the pendency of class action certification with the requirement of presuit notice. In American Pipe, the U.S. Supreme Court held that pursuant to the federal class certification rules, "the commencement of a class action suspends the applicable statute of

7

limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554; see also Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 354 (1983) ("Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action."). The courts of this state have recognized that American Pipe tolling applies to the filing of lawsuits founded in Florida law as well, so long as the claims asserted by the former class member are identical to those of the class they were included in prior to the denial of class certification. See Hromyak v. Tyco Int'l, Ltd., 942 So. 2d 1022, 1023 (Fla. 4th DCA 2006) (finding American Pipe inapplicable to state law claim that was not identical to prior federal class action); Browning v. Angelfish Swim Sch., Inc., 1 So. 3d 355, 362 n.12 (Fla. 3d DCA 2009) (Shepherd, J., concurring in part and dissenting in part) ("Although the statute of limitations typically is tolled for asserted class members who later file actions of their own from the time a class complaint is filed to the time certification is denied, this temporal forgiveness extends only so long as the claims filed in the latter complaint are the same as filed in the earlier complaint."); Gaff v. R.J. Reynolds Tobacco Co., 129 So. 3d 1142, 1145 (Fla. 1st DCA 2013) (applying

8

American Pipe to toll statute of limitations for putative class member between filing of class action complaint and time member opted out of class).

But Zequeira misses the point of those cases and the applicable tolling principle. None of those cases impact a presuit requirement. Rather, the cases are based on a quasi-equitable rationale for tolling the statute of limitations to bring an individual suit. Courts would be flooded with individual lawsuits from potential plaintiffs worried that they would ultimately lose the right to sue, caught in a trap if the class action denial occurs after the expiration of a statute of limitations. So in order to preserve a class action as a viable procedure, and protect the rights of individual litigants, the tolling of a statute of limitations to file suit during the pendency of a class action certification proceeding makes logical and legal sense. See American Pipe, 414 U.S. at 552 (describing how federal class certification rule is "not designed to afford class action representation only to those who are active participants in or even aware of the proceedings in the suit prior to the order that the suit shall or shall not proceed as a class action").

Importantly though, no such logic applies to toll a presuit notice requirement. That's because presuit notice serves an entirely different purpose. Regardless of whether a plaintiff would sue as part of a class or individually, he or she would have to provide presuit notice where such notice

9

is required. Nothing changes simply because a class action certification is pending. The presuit notice requirement exists to encourage possible settlement and resolution prior to, and ideally without, litigation. See, e.g., Univ. of Miami v. Wilson, 948 So. 2d 774, 778–79 (Fla. 3d DCA 2006) (describing how purpose of presuit requirements for medical malpractice actions "is to allow a potential defendant to investigate a claim and to encourage settlement prior to costly and time-consuming litigation").

Here, we agree with the trial court that dismissal with prejudice was proper where the initial compliance came after the expiration of the five-year statute of limitations, and the tolling of the time to file an action contemplated in American Pipe and its progeny provides no relief to Zequeira. The statute of limitations is tolled only to the extent it applies to the filing of a claim while class certification is pending, but it doesn't impact the presuit notice requirement. The five-year statute of limitations on Zequeira's Minimum Wage Act claims began running in February 2015. He should have filed a presuit notice prior to initiating his lawsuit, or, at the very least, before the expiration of the five years from February 2015. He didn't. His claim was properly dismissed with prejudice.

To conclude otherwise, and to accept Zequeira's argument that the tolling of a statute of limitations for bringing an individual lawsuit during the

10

pendency of a class action certification proceeding would equally toll a presuit notice requirement, would render portions of the presuit notice statute effectively meaningless. Importantly, none of the tolling cases Zequeira cites come in the context of a presuit notice requirement; in fact, none of those cases appear to have a presuit requirement at issue. And when examining a presuit notice requirement, the Florida Supreme Court explained that "presuit notice and screening requirements . . . represent more than mere technicalities. . . . To suggest that the requirements of the statute may be easily circumvented would be to thwart the legislative will." Ingersoll v. Hoffman, 589 So. 2d 223, 224 (Fla. 1991). Here, to allow the statute's presuit notice requirement to be circumvented by the filing of a class action would create an absurd result unsupported by any rational reading of the statutory language.

In permitting tolling of the time to file an action during the pendency of a class action certification, the U.S. Supreme Court explained that "the mere fact that a federal statute providing for substantive liability also sets a time limitation upon the institution of suit does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose." American Pipe, 414 U.S. at 559. But that doesn't offer Zequeira any assistance here. Under

11

Zequeira's reading, a plaintiff could provide no notice, sue the day before the expiration of the statute of limitations as a putative class action, go through class action certification proceedings, and after extensive (and likely expensive) discovery, then and only then would the plaintiff be required to file a notice of intent to sue and give the defendant 15 days to resolve the claim. This would not only make a mockery of the statutory scheme and the plain language requiring a plaintiff to notify a defendant and provide an opportunity for resolution prior to filing a lawsuit, but it would also constitute an unwarranted and illogical expansion of the rationale and holding of American Pipe and its progeny at the federal and state level.

We therefore hold that the pendency of a class action proceeding does not apply to toll the statute of limitations for the requirement to provide presuit notice. Zequeira's notice letter, delivered July 27, 2021, therefore fell outside the limitations period.

Affirmed.